IN RE DISQUALIFICATION OF BELSKIS.

IN RE ESTATE OF SCHOTTENSTEIN.

IN RE TRUST OF SCHOTTENSTEIN.

IN RE GUARDIANSHIP OF ROSENBERG.

[Cite as *In re Disqualification of Belskis* (1993), 74 Ohio St.3d 1252.]

(Nos. 93–AP–096 and 93–AP–113—Decided November 2, 1993.)

MOYER, C.J. Affidavits of disqualification were filed by Tobias H. Elsass, guardian *ad litem* of Sylvia Rosenberg, seeking the disqualification of Judge Lawrence A. Belskis from further proceedings in the above-captioned cases. Affiant claims Judge Belskis filed a disciplinary complaint against him in 1992 and made that fact known to attorneys in these cases at a preliminary conference.

The mere filing of a disciplinary complaint by a judge against a lawyer does not require the judge to recuse himself from cases involving that lawyer. Opinion No. 89–32 of the Board of Commissioners on Grievances and Discipline. Moreover, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case. *In re Disqualification of Light*

(1988), 36 Ohio St.3d 604, 522 N.E.2d 458. Here, affiant was aware of the primary basis alleging bias and prejudice—the filing of the disciplinary complaint—for some months prior to the dates on which the affidavits were filed and, in fact, previously filed an affidavit seeking the disqualification of Judge Belskis. However, these affidavits were not filed until a few days before a scheduled hearing.

For these reasons and because the allegations do not support a finding of bias, prejudice, or interest, the affidavits of disqualification are found not well taken and are hereby denied.