[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1220.]

IN RE DISQUALIFICATION OF CLEARY.

KAFFEMAN, EXR., ET AL. *v*. MACLIN ET AL.

[Cite as *In re Disqualification of Cleary*, 2000-Ohio-279.]

*Judges—Affidavit of disqualification—Judge's courtroom demeanor and conduct imply a "hostile feeling or spirit of ill-will"—Judges have ethical obligation to conduct themselves in a courteous and dignified manner that does not convey the appearance of bias or prejudice towards litigants or their attorneys—Disqualification ordered.*

(No. 99-AP-118—Decided January 24, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Common Pleas Court case No. CV 369033.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification, filed by Lawrence Sutter and Kenneth P. Abbarno, counsel for defendants Robert E. Maclin et al., seeks the disqualification of Judge Patricia A. Cleary from further proceedings regarding the above-captioned case. The case was tried to a jury and resulted in a verdict in favor of plaintiffs Kay Marie Kaffeman, individually and as executor of the estate of Marvin Kaffeman, et al. Affiants now seek Judge Cleary's disqualification from consideration of any post-trial motions that may be filed by the parties.

{¶ 2} Initially, I note that Judge Cleary has requested that I recuse myself from consideration of this affidavit of disqualification on the grounds that she is an adverse party to a federal lawsuit that challenges a rule adopted by the Supreme Court of Ohio and because of statements I made in a previous matter in which Judge Cleary's disqualification was sought. See *In re Disqualification of Cleary* (June 16, 1994), No. 94-AP-046, unreported. These matters have been raised and

considered in most, if not all, of the six affidavits of disqualification that have been filed against Judge Cleary since the ruling in 94-AP-046. See, *e.g., In re Disqualification of Cleary* (1996), 77 Ohio St.3d 1246, 674 N.E.2d 357. In all six matters, I determined that the allegations contained in the affidavit of disqualification did not warrant the disqualification of Judge Cleary from the pending case. For these reasons, Judge Cleary's request that I recuse myself from consideration of this affidavit of disqualification is overruled.

{¶ 3} Turning to the affidavit of disqualification filed against Judge Cleary, affiants claim that at the final pretrial conference and throughout the trial, Judge Cleary displayed a bias and prejudice against defense counsel. They assert that the judge twice found affiant Sutter in contempt, ordered him incarcerated for periods of ten and thirty minutes, and denied him immediate access to the record to note his objections. Characteristic of affiants' objection in this regard is the following exchange:

"THE COURT: Before I begin, can you tell me one reason why I shouldn't have you spend the lunch hour in the lockup?

"MR. SUTTER: What reason would that be for?

"THE COURT: For defying my repeated rulings with regard to the use of the police report, that I was not going to permit the hearsay that was contained therein to be entered into this case, and that's why I repeatedly did not permit you to make reference to the police report. I made multiple rulings on that point.

"MR. SUTTER: I would agree with your Honor, until this witness testified that he relied upon it in direct examination. That clearly opens the door. And as this Court is well aware, a motion in limine is only preliminary in nature. Once he opens the door, I have the full right and the obligation to my client—

"THE COURT: Unless I ruled otherwise, which I did, again, during the course of this statement that I had ruled that you were not to get into it.

"Deputy, a half hour.

"*You need a time out.*

"And you are not going to go on to the record at this time.

"MR. ABBARNO: Are you denying access at this time?

"THE COURT: At this time. At 1:30 you can go on the record with regard to the daughter testifying as an expert concerning her training on the tow motor.

"MR. ABBARNO: *I also have some other items I would also like to make on the record as we stand here right now. I have other items with respect to the manner this trial is proceeding, your Honor, and I would like to have the opportunity, because I have the right, also, likewise, to make that record, and I thus far have been denied that ability on four occasions.*

"THE COURT: *I disagree with that. I, as an experienced trial attorney myself, I am very cognizant of the use of the record, and I understand when it is necessary to preserve an objection for the record. If you want to make a motion, you can make it.*

"The only outstanding matter with regard to access to the record concerns the daughter testifying as an expert concerning her *so-called* training by her father.

"Off the record." (Emphasis added.) Tr. at 401-403.

{¶ 4} Affiants also reference comments and characterizations made by the judge during a pretrial conference and during trial and legal rulings that demonstrate a prejudice in favor of the plaintiffs and against the defendants. Included in the affidavit are allegations that Judge Cleary told defense counsel during a pretrial conference that "we had an 'incompetent no good truck driver' operating a tow motor that killed a 'nice person' " (Paragraph 8 of the affidavit); stated to defense counsel that "the defendants' negligence was not even an issue" and that she could not be reversed on appeal if "she would direct negligence against the driver and trucking company" (Paragraph 9 of the affidavit); referred to the operations manager of the defendant trucking company who was present at a pretrial conference as the company's representative as a "shop boy from Richfield"

(Paragraph 10 of the affidavit); and admonished defense counsel for making a "gratuitous comment" in front of the jury when he asked the daughter of the deceased if she wanted a break between direct and cross-examination (Paragraph 12 of the affidavit). Judge Cleary does not specifically deny any of these allegations in her response of December 21, 1999.

{¶ 5} Having reviewed the record before me, I conclude that Judge Cleary's courtroom demeanor and conduct toward affiants "impl[y] a hostile feeling or spirit of ill-will" (*State ex rel. Pratt v. Weygandt* [1956], 164 Ohio St. 463, 469, 58 O.O. 315, 318, 132 N.E.2d 191, 195) such that requires her disqualification from further proceedings in this case. As I have noted on previous occasions, a judge, notwithstanding the conduct of litigants or counsel, has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys. See Canon 3(B)(4) and (5) of the Code of Judicial Conduct and *In re Disqualification of Cleary*, No. 94-AP-046, *supra*. The brief portion of the record cited above shows Judge Cleary referring to attorney Sutter's incarceration as a "time out," denying affiants' seemingly reasonable requests to record objections to the manner in which the proceedings were being conducted, and subjectively characterizing testimony yet to be placed on the record. These actions cause me to conclude that Judge Cleary has demonstrated "a fixed anticipatory judgment" that requires her disqualification to avoid the appearance of impropriety and "restore the absolute confidence of the parties in the fairness of these proceedings." See *State ex rel. Pratt v. Weygandt, supra,* and *In re Disqualification of Kessler* (Nov. 15, 1989), No. 89-AP-125, unreported.

{¶ 6} For these reasons, Judge Patricia A. Cleary is disqualified from further proceedings in the underlying case. The case is returned to the Administrative Judge of the Cuyahoga County Court of Common Pleas, General Division, for reassignment to another judge of the division.

January Term, 2000

_____