[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1210.]

IN RE DISQUALIFICATION OF CORRIGAN.

VILLAGE OF MORELAND HILLS *v*. ABRAHAM ET AL.

[Cite as *In re Disqualification of Corrigan*, 2000-Ohio-104.]

*Judges—Affidavit of disqualification—Affidavit of disqualification cannot be used after lengthy proceedings have transpired in the underlying case and party seeking disqualification was aware of alleged grounds for disqualification—Waiver of objections—No evidence of bias or prejudice shown.*

(No. 00-AP-104—Decided December 6, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Probate Court case No. 1998ADV4508.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by James D. Abraham seeks the disqualification of Judge John E. Corrigan from further proceedings in the above-captioned case. Affiant's current counsel, James Pietrangelo, has filed a supplemental affidavit in support of affiant's claim of bias and prejudice.

{¶ 2} The underlying case is an eminent domain proceeding that has been pending since April 1998. Because this case has been pending for more than two and one-half years, I start with the proposition that an affidavit of disqualification cannot be used to disqualify a judge after lengthy proceedings have transpired in the case, especially where the party seeking the judge's removal was aware of the grounds for disqualification from some months prior to the filling of the affidavit. See *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458, and *In re Disqualification of Belskis* (1993), 74 Ohio St.3d 1252, 657 N.E.2d 1355. Here, many of the matters raised by affiant and his counsel in support of

disqualification occurred several months prior to the filing of the affidavit, which was done less than three weeks before the scheduled trial. Because of the delay in raising these issues, affiant waived his objection to Judge Corrigan's participation on these grounds.

{¶ 3} The balance of the allegations made by affiant and his attorney relate to the October 26, 2000 hearing on a motion to suppress. Having reviewed these allegations, the response of Judge Corrigan, and affidavits from other attorneys involved in that hearing, I cannot conclude that affiant has established the existence of bias or prejudice that mandates Judge Corrigan's disqualification. While the judge's actions may appear to affiant and his attorney as the product of bias or prejudice, the fact remains that Judge Corrigan has not granted plaintiff's motion to enforce the settlement to which the parties allegedly agreed and has set the matter for a jury trial. Judge Corrigan's refusal to sustain this motion, in view of the affiant's objections, is an indication of his ability to preside fairly and impartially over the balance of this case.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Corrigan.

_____