**KAFFEMAN, Individually and as Executor of the Estate of Kaffeman, Deceased, Appellee and Cross–Appellant,**

**v.**

**MACLIN et al., Appellants and Cross–Appellees.**

[Cite as *Kaffeman v. Maclin*, 150 Ohio App.3d 403, 2002-Ohio-6479.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79953.

Decided Nov. 27, 2002.

Ciano & Goldwasser and Phillip A. Ciano; W. Craig Bashein and Paul W. Flowers, for appellee and cross-appellant.

Reminger & Reminger Co., L.P.A., Kenneth P. Abbarno, Martin T. Galvin, Laurence A. Sutter and Christine J. Marshall, for appellants and cross-appellees.

---

FRANK D. CELEBREZZE, JR., Judge.

{¶ 1} The appellants and cross-appellees, Robert Maclin and Yellow Freight System, Inc., appeal from the judgment of the Cuyahoga County Court of Common Pleas, which denied their motion for a new trial based on irregularities in the trial court's conduct. For the reasons set forth below, we reverse the judgment of the trial court and remand for a new trial.

{¶ 2} On April 6, 1998, Robert E. Maclin ("Maclin"), while working for Yellow Freight System, Inc., was delivering a 1,500 pound trash compactor/bailer to Allied Piano/Bill Cartage ("Allied"). The trash compactor was manufactured and packaged by Harmony Enterprises. Harmony places the compactor on a skid, places a wood frame on top of the compactor, with one-by-fours protecting the doors, and further encases the compactor in a large rectangular cardboard box.

{¶ 3} While attempting to remove the large compactor from the back of Yellow Freight's truck with the use of Allied's Tow Motor, Maclin lost control of the load and the compactor shifted and began falling in the direction of Marvin Kaffeman, who was standing near the Tow Motor to assist Maclin in removing the cargo from the truck. Marvin Kaffeman was unable to escape from under the falling compactor and was crushed by its tremendous weight. He received fatal injuries as a result.

{¶ 4} On November 2, 1998, the appellee and cross-appellant, Kay Marie Kaffeman, individually and as executor of the estate of Marvin Kaffeman, deceased, filed the underlying complaint against Robert E. Maclin and Yellow Freight System, Inc. for the wrongful death of her husband, Marvin Kaffeman.

{¶ 5} On November 17, 1999, a jury was impaneled and the matter proceeded to trial. During the two days of trial, the trial judge, according to the Supreme Court of Ohio,[1] acted in a manner implying "a hostile feeling or spirit of ill-will" toward the appellants, including twice incarcerating one of appellants' counsel, once for ten minutes and once for thirty minutes, and demonstrated "a fixed anticipatory judgment."

{¶ 6} At the conclusion of the two-day trial, the jury returned a verdict in favor of Kaffeman; however, they also found the deceased to be 47 percent negligent. The jury further awarded punitive damages against both appellants in the amount of $1 million.

{¶ 7} After trial, the appellants filed written submissions to the Ohio Supreme Court seeking disqualification of the trial court judge based on judicial misconduct. The Supreme Court ordered the disqualification of the trial court judge and returned the matter to the trial court for a ruling on the motion for a new trial. The case was assigned to a new trial judge, who denied the appellants' existing motion for a new trial and awarded total judgment in favor of the Kaffemans for $2,677,367.72 ($1,883,750.00 in compensatory and punitive damages, $753,500.00 in attorney fees, and $40,117.72 in costs), with costs to appellants.

{¶ 8} The appellants and cross-appellees now appeal the determination of the trial court and assert the following assignments of error:

{¶ 9} "I. The trial court committed reversible error by instructing the jury on punitive damages without evidence of actual malice and by failing to submit defendant's written interrogatories to the jury on the issue."

{¶ 10} "II. After the Supreme Court [sic] disqualified the trial judge from the case for displaying bias and hostility against defense counsel during trial, it was an abuse of discretion for the reassigned court to deny defendants' motion for a new trial based on the irregularity of the proceedings."

{¶ 11} "III. The trial court committed reversible error by failing to instruct the jury, as requested by defendants, on assumption of the risk and superseding and intervening causes when they were warranted by the evidence and were correct statements of law."

{¶ 12} In her cross-appeal, appellee and cross-appellant cites the following assignments of error:

{¶ 13} "I. The lower court erred, to plaintiff's substantial detriment, by refusing to permit review of defendants' claim file or otherwise affording plaintiff an opportunity to conduct discovery."

---

**1.** Defense counsel submitted affidavits of disqualification of the trial court judge to the Ohio Supreme Court based on judicial misconduct, and on January 24, 2000, the Chief Justice ordered the disqualification of the trial court judge from any further proceedings in this action. *In re Disqualification of Cleary* (2000), 88 Ohio St.3d 1220, 723 N.E.2d 1106.

{¶ 14} "II. The lower court erred by failing to conduct a hearing upon plaintiff's motion for pre-judgment interest."

{¶ 15} We will address the appellants' second assignment of error first since it is dispositive of this matter. The appellants contend that the trial court abused its discretion in denying their motion for a new trial. Their contentions are based on the actions and irregularities of the original trial court judge during the two-day trial. This court finds appellants' second assignment of error to be well taken.

{¶ 16} Civ.R. 59(A) provides:

{¶ 17} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶ 18} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial."

{¶ 19} The granting or denial of a motion for a new trial rests largely in the sound discretion of the trial court, and the granting or denial of such a motion will not be disturbed on review unless there has been an abuse of discretion on the trial court's part. *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, paragraph one of the syllabus. The term "abuse of discretion" connotes "an unreasonable, arbitrary or unconscionable attitude upon the part of the court." *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 659 N.E.2d 1242; *Poske v. Mergl* (1959), 169 Ohio St. 70, 75, 8 O.O.2d 36, 157 N.E.2d 344.

{¶ 20} In the instant case, the Chief Justice stated in his opinion of disqualification of the former trial judge that "Judge Cleary's courtroom demeanor and conduct toward affiants 'impl[y] a hostile feeling or spirit of ill-will.'" *In re Disqualification of Cleary* (2000), 88 Ohio St.3d 1220, 1222, 723 N.E.2d 1106, quoting *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 132 N.E.2d 191. The Chief Justice further concluded that "[t]hese actions cause me to conclude that Judge Cleary has demonstrated 'a fixed anticipatory judgment' that requires her disqualification to avoid the appearance of impropriety and 'restore the absolute confidence of the parties in the fairness of these proceedings.'" Id. at 1223, 723 N.E.2d 1106, quoting *State ex rel. Pratt v. Weygandt,* supra, and *In re Disqualification of Kessler* (Nov. 15, 1989), S.Ct. No. 89–AP–125. The trial judge was then disqualified from further proceedings in the underlying case, and the case was returned to the administrative judge for reassignment to another trial judge and for a ruling on the motion for a new trial.

{¶ 21} An affidavit of disqualification is not appropriate after lengthy proceedings in the case, especially when the parties involved were aware that grounds for disqualification existed for a significant period of time prior to the filing of the affidavit. *In re Disqualification of Corrigan* (2000), 91 Ohio St.3d 1210, 741 N.E.2d 137. See, also, *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458; *In re Disqualification of Belskis* (1993), 74 Ohio St.3d 1252, 657 N.E.2d 1355. In the instant case, the trial lasted only two days, preventing the parties from having a lengthy opportunity of witnessing and acting upon any grounds for disqualification. However, the Ohio Supreme Court found that the actions of the trial judge were hostile and presented a fixed anticipatory judgment, making disqualification appropriate.

{¶ 22} The record in this case is replete with evidence of the lower court's bias against the defendants in this matter, which clearly prevented a fair and impartial proceeding. Further, the Chief Justice found the actions of the trial judge to have been improper by demonstrating a fixed anticipatory judgment. Thus, the validity of the entire trial, including the decisions made by the trial court on evidentiary issues, has been drawn into question. Because it is impossible to assess the prejudicial effect of the trial judge's conduct on the proceedings, there is simply no way that any review of this matter can produce satisfaction that justice was done. Accordingly, we conclude that the lower court abused its discretion in denying the appellants a new trial. Appellants' second assignment of error has merit.

{¶ 23} Based upon this court's determination of the appellants' second assignment of error, the remaining assignments, as well as the two cross assignments, are rendered moot and need not be addressed.

Judgment reversed
and cause remanded for a new trial.

PATRICIA A. BLACKMON, J., concurs.

TIMOTHY E. MCMONAGLE, P.J., concurs in judgment only.