OPINION
{¶ 1} Appellants, Arden Keeton and Angela Keeton Lord, appeal the decision of the Clermont County Court of Common Pleas, Probate Division, to approve a wrongful death settlement. We affirm the decision of the trial court.
 {¶ 2} On May 28, 1996, Freeman Kenington was involved in a motor vehicle collision with a vehicle owned by Builders Transport and operated by Charles Watson. As a result of the collision, Freeman received physical injuries that caused his death.
 {¶ 3} Thelma Kenington, Freeman's surviving spouse, was appointed as the administratrix of his estate on September 20, 1996. The estate filed a wrongful death action against Builders Transport and Charles Watson on January 3, 1997. Prior to trial, Builders Transport filed for Chapter 11-bankruptcy, staying the action.
 {¶ 4} Allstate Insurance Company, the uninsured motorist carrier for the Keningtons, was notified of a potential uninsured motorist claim. The limits of the Allstate policy are $100,000 per person, $300,000 per occurrence. An action for money damages against Allstate Insurance Company was filed on July 23, 1998.
 {¶ 5} On February 14, 2000, Thelma Kenington filed an application with the probate court to approve a settlement with Allstate Insurance Company. Before the hearing date, the Ohio Supreme Court rendered its decision in Wolfe v. Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322. As a consequence of potentially increased recovery, additional discovery and subsequent mediation resulted. Allstate offered $245,000 as a settlement in full for all claims. An application to approve settlement of wrongful death and survival claims was filed in probate court. On September 25, 2001, appellant Arden Keeton, the decedent's grandchild, filed an objection to approve settlement and to distribute the proceeds. An amended application to approve settlement of wrongful death and survival claims was filed. On October 7, 2001, the probate court rendered a decision approving the settlement, and ordered payment of attorney fees, court costs and funeral expenses. Appellants appeal raising two assignments of error.
Assignment of Error No. 1
 {¶ 6} "The trial court erred to the prejudice of beneficiaries-appellants in granting appellee's amended application to approve wrongful death settlement or distribution."
 {¶ 7} Appellants argue a number of reasons why the record was inadequate to support the Probate Court's approval of the offered settlement. Appellants argue that a viable issue of liability, a viable issue of comparative negligence, and a viable issue of the amount of damages recoverable all existed. Appellants argue that the cost of continuing the litigation did not warrant a compromise of policy limits. Appellants also argue that the fiduciary failed to establish that approval by the probate court of the offered settlement for less than the policy limits of $300,000 is legally warranted.
 {¶ 8} Wrongful death settlements are governed by R.C. 2125.02. R.C. 2125.02(C) states: "A personal representative appointed in this state, with the consent of the court making the appointment and at any time before or after the commencement of an action for wrongful death, may settle with the defendant the amount to be paid." Furthermore, the right to make such settlement is "exclusively in the personal representative." Tennant v. State Farm Mut. Ins. Co. (1991),81 Ohio App.3d 20, 24. The probate court's approval of a settlement agreement is necessary because the probate court is charged with determining whether a settlement is "fair and equitable." Stacy v.Nationwide Mut. Ins. Co. (1998), 125 Ohio App.3d 658, 666. In so determining, the court may consider how much insurance coverage is "available to satisfy the wrongful death claim." Id.
 {¶ 9} Appellants contend that, under the terms of the auto policy issued to decedent, the wrongful death claim has a value of $300,000. Appellants argue that to accept $245,000 for the claim gives "an unjustified windfall to the decedent's uninsured motorist carrier." However, the beneficiaries have no power to direct a personal representative in the prosecution of the wrongful death claim, except through a motion for her removal. In re Estate of Ross (1989),65 Ohio App.3d 395, 400-401.
 {¶ 10} Thelma Kenington was appointed administratrix of Freeman Kenington's estate. The record reflects that Thelma Kenington accepted $245,000 from Allstate Insurance Company. Furthermore, the record shows that the probate court approved the settlement of the wrongful death claim as required by R.C. 2125.02(C).
 {¶ 11} Upon consideration, we find that the personal representative of the estate accepted $245,000 in settlement and the probate court approved the settlement amount. Therefore, the settlement complies with the statutory requirements of R.C. 2125.02.
 {¶ 12} Appellants also argue that "where the record fails to show that there existed a viable issue that the claim for prejudgment interest was compromised by mandatory case law and thus, warranted a compromise of policy limits in connection with the underlying wrongful death and survival action, the Fiduciary has failed to establish that approval by the Probate Court of the offered settlement by the auto insurer providing uninsured motorist coverage of less than the policy limits of $300,000 is legally warranted."
 {¶ 13} However, the personal representative of the estate, Thelma Kenington, accepted $245,000 in settlement and the probate court approved the settlement as adequate compensation. Therefore, the settlement complies with the statutory requirements of R.C. 2125.02. Consequently, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 14} "The trial court erred to the prejudice of beneficiaries-appellants in ordering distribution of the proceeds of the proffered settlement upon approval by it of appellee's amended application to approve wrongful death settlement or distribution for payment of attorney fees, funeral expenses, and court costs when it was clearly agreed on the record that matters concerning distribution were not going to be determined at said time."
 {¶ 15} Appellants argue that "where the record clearly shows that the distribution of the settlement proceeds was not going to be argued, considered, or otherwise ruled upon, any ruling ordering the distribution of the proceeds of the proffered settlement upon approval by it of Appellee's Amended Application to Approve Wrongful Death Settlement or Distribution for the payment of attorney fees, funeral expenses, and court costs without adequate notice to Appellants and an opportunity for Appellants to be heard violates appellant's constitutional rights of due process and is not legally permissible."
 {¶ 16} The amended application requested consideration of the distribution at the settlement hearing, however, the original application made no such request. At the settlement hearing, appellants' counsel objected to consideration of the distribution at the settlement hearing. The court stated, "I agree with you, and we'll proceed on the application for settlement only. Therefore, appellants maintain that distributing payments for attorney fees, funeral expenses and court costs without providing them with an opportunity to be heard deprives them of their due process rights.
 {¶ 17} However, in order to appeal, an appellant must show that the trial court's decision has adversely affected his rights. Tschantzv. Ferguson (1989), 49 Ohio App.3d 9, 13. The Rules of Superintendence governing settlement of wrongful death actions in Ohio provide that any fee agreement signed by the personal representative in a wrongful death action is subject to approval of the probate court. See C.P.Sup.R. 70 and 71. Furthermore, the payment of reasonable attorney fees lies within the sound discretion of the probate court. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298. Therefore, an award of attorney fees cannot be reversed absent an abuse of discretion. In re Guardianship of Patrick
(1991), 66 Ohio App.3d 415, 416. The term "abuse of discretion" connotes "an unreasonable, arbitrary or unconscionable attitude upon the part of the court." Kaffeman v. Maclin, 150 Ohio App.3d 403, 406,2002-Ohio-6479, at ¶ 19.
 {¶ 18} The probate court can approve the proffered settlement of the wrongful death claim without providing notice to the statutory beneficiaries of the proceeds of that claim because it is the probate court who reviews the applied for fees and determines reasonableness. SeeIn re: Estate of LaJoie (July 9, 1993), Lucas App. No. L-92-234, at 4. The beneficiaries of the wrongful death claim "have no authority over the matter" when determining reasonableness of fees. Id. Thus the notice to the beneficiaries is for informational purposes only. Id. at 3.
 {¶ 19} Since the probate court reviews the application for attorney fees and determines reasonableness, it did not act unreasonably, arbitrarily or unconscionably. Furthermore, appellants cannot demonstrate that the probate court adversely affected their rights with regard to distributing payments for attorney fees. Therefore, the argument is overruled.
 {¶ 20} In the application to approve settlement of wrongful death and survival claims, the settlement offer by Allstate earmarked $4,326.88 for funeral expenses because "the funeral home agreed to write-off any interest or late fee charges on the outstanding bill if the amount of $4,326.88 is paid at the time of distribution." R.C. 2125.03(B) states, "[t]he court shall distribute the amount of funeral and burial expenses awarded, or received by settlement, by reason of the death to the personal representative of the decedent * * *." A plain reading of R.C.2125.03(B) indicates that the court is required to approve the distribution of funds for funeral and burial expenses when these expenses are earmarked in a settlement agreement. See In re Estate of Craig
(1993), 89 Ohio App.3d 80, 83. Therefore, the probate court's distribution of funds for funeral and burial expenses was not unreasonable, arbitrary or unconscionable. Furthermore, appellants cannot demonstrate that the probate court's decision to distribute funeral and burial expenses adversely affected their rights. Consequently, the argument is overruled.
 {¶ 21} As to the allocation of trial court costs, a trial court "has broad discretion in assessing such costs and its ruling will not be overturned on appeal absent an abuse of that discretion." Vance v.Roedersheimer, 64 Ohio St.3d 552, 555, 1992-Ohio-24; Gnepper v. Beegle
(1992), 84 Ohio App.3d 259, 263. Such a showing would require appellants to demonstrate that the trial court's ruling was arbitrary, unreasonable or unconscionable. See Kaffeman, 2002-Ohio-6479, at ¶ 19.
 {¶ 22} We find that the trial court's distribution of court costs was not arbitrary, unreasonable or unconscionable. Therefore, the second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.