IN RE DISQUALIFICATION OF SQUIRE.

JOHNSON v. JOHNSON.

[Cite as *In re Disqualification of Squire,* 105
Ohio St.3d 1221, 2004-Ohio-7358.]

(No. 04–AP–031—Decided April 9, 2004.)

---

MOYER, C.J.

{¶ 1} Plaintiff's counsel Alex J. Pomerants has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Carole Squire from acting on any further proceedings in case No. 03–DR–03–1125 in the Court of Common Pleas for Franklin County, Domestic Relations Division.

{¶ 2} Affiant alleges that Judge Squire used demeaning and hostile language when speaking to him at a hearing in November 2003. According to affiant, Judge Squire told him that he had "no business being in court," that it is not her job to prepare findings of fact and conclusions of law, and that he was "wasting the court's time."

{¶ 3} The hearing was not transcribed or recorded. Judge Squire has acknowledged in a written response that she did indeed criticize affiant in her courtroom for his "lack of preparation, lack of familiarity with procedures, and his refusal to accept instruction," and, according to the judge, those failings "resulted in an unnecessary waste of court time." She denies, however, that she harbors any hostility or ill will toward affiant or his client, and she does not believe that any of her comments could be "characterize[d] as disparaging."

{¶ 4} Certainly a judge is entitled to speak with counsel about the kinds of issues that both Judge Squire and affiant acknowledge they discussed. An attorney's unfamiliarity with court rules and procedures, as well as his or her lack of preparation, need not go unnoticed and unmentioned by a judge who observes them.

{¶ 5} Even so, a judge, "notwithstanding the conduct of litigants or counsel, has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys." *In re Disqualification of Cleary* (2000), 88 Ohio St.3d 1220, 1222–1223, 723 N.E.2d 1106. Conversations between an attorney and a judge about the attorney's alleged failings—including conversations about rule violations or the attorney's lack of preparation—are certainly permissible, but the judge must not let his or her views about or frustrations with the attorney so infect the case that a disinterested observer might reasonably question the judge's ability to evaluate fairly and objectively both the attorney's future work and the parties' legal interests.

{¶ 6} In this case, where no written transcript of the conversation exists, I cannot determine precisely what was said, let alone whether the participants spoke with the requisite courtesy and respect that ought to attend any courtroom discussion between the bench and bar. Yet it is clear that the conversation has spawned an unfortunate and ongoing series of written statements and counter-statements between Judge Squire and her staff on the one hand and affiant on the other. That ongoing debate about the content and tone of a conversation that occurred several months ago suggests to me that the conversation—whatever its precise nature—has now become an impediment that may prevent Judge Squire and affiant from approaching this case, and their respective roles in it, with the requisite objectivity.

{¶ 7} Affiant states in his affidavit that he filed with the Office of Disciplinary Counsel in 2003 two grievances against Judge Squire alleging misconduct on her part in connection with this domestic relations case. In accordance with Gov.Bar R. V(11)(E), all proceedings and documents relating to those uncertified complaints are private and confidential, and I have no knowledge about those complaints or the allegations in them beyond what affiant and Judge Squire have stated in their filings with this court. It is apparent from the judge's response to the affidavit that the same conversation that is at issue in the affidavit before me was at issue in one of those grievances. While "a judge is not automatically disqualified solely because a party in a case pending before him or her has filed a complaint against the judge with Disciplinary Counsel or a similar body," *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 606, 546 N.E.2d 929, the fact that the judge and this attorney have been at odds for several months about a single courtroom conversation raises serious questions for me about Judge Squire's ability to set aside her frustrations with attorney behavior that she has repeatedly and in writing described as "contentious," "unprofessional," and "inappropriate."

{¶ 8} Affiant has stated multiple times and in multiple fora—in this court, in the trial court, and evidently with the Disciplinary Counsel—his view that he cannot represent his client's interests effectively before Judge Squire in light of the November 2003 courtroom conversation and its aftermath. Undoubtedly, "[i]t is of vital importance that the litigant should believe that he will have a fair trial," *State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587, 176 N.E. 454, and in this case, it seems fair to say that affiant no longer holds that belief. Whether that belief is accurate, an objective observer who has read the judge's and affiant's characterizations of their conversation can reasonably question whether either of them can view the other dispassionately.

{¶ 9} Because the November 2003 conversation has generated so many back-and-forth charges and denials, because the ongoing focus by both the judge and affiant on that conversation appears to have affected the future ability of the judge and affiant to work constructively on this case, and because any further difficulties between them might well undermine the parties' and the public's confidence in the fairness of these proceedings, I conclude that Judge Squire should be disqualified.

{¶ 10} Accordingly, Judge Carole Squire is disqualified from further proceedings in this matter. The case is returned to the administrative judge of the Franklin County Court of Common Pleas, Domestic Relations Division, for reassignment.