[Cite as *In re Estate of Mal*, 2011-Ohio-4825.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 96195 and 96349

---

## IN RE: ESTATE OF TARUN MAL, DECEASED

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 05 EST 0108046

**BEFORE:** Jones, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

**ATTORNEY FOR APPELLANT**

Harold Pollock
Pollock Co., L.P.A.
5900 Harper Road, Suite 107
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEES**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

W. Craig Bashein
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-2216

Jaime Bouvier
1265 West 6th Street
Suite 400
Cleveland, Ohio 44113

Subodh Chandra
Chandra Law Firm, LLC
1265 West 6th Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   In Appeal No. 96195, plaintiff-appellant, Sanchita Mal-Sarkar, appeals the trial court's November 16, 2010 judgment adopting the magistrate's decision and approving settlement and distribution of wrongful death and survival claims.   In Appeal No. 96349, Mal-Sarkar appeals the trial court's December 29, 2010 judgment denying her motion for relief from judgment.   The two cases have been consolidated.

I

{¶ 2}   On August 16, 2005, Mal-Sarkar's husband, Dr. Tarun Mal, suffered fatal injuries while working at Cleveland State University ("CSU").   Specifically, Dr.  Mal, who was a CSU biology professor, was electrocuted as a result of plugging a timing device into an electrical outlet that did not contain a ground force circuit interrupter.

{¶ 3}   As a result of her husband's death, Mal-Sarkar and her minor daughter, Tatini Mal (collectively "Mal-Sarkar"), sought legal counsel and entered into an agreement with appellee Bashein & Bashein Co., L.P.A.   The agreement provided for a contingency fee of 33_% of the amount recovered if the matter was settled without the filing of an action, or 40% of the amount recovered if an action was filed.   With Mal-Sarkar's consent, Bashein & Bashein entered into an agreement for services relative to this matter with appellee The Chandra Law Firm, LLC (collectively "the firms").

{¶ 4} Two lawsuits were filed. One was filed in the Ohio Court of Claims against CSU ("the state case"). The other was filed in the Cuyahoga Court of Common Pleas against multiple defendants involved in the manufacture, sale, and distribution of the equipment and components involved in the incident, but was removed to the United States District Court for the Northern District of Ohio ("the federal case"). The case presently before us is the estate case, which was opened in the probate court and involves the settlements in the federal case.

{¶ 5} In late 2009, a settlement was reached with one of the defendants in the federal case. The firms submitted an application to approve the settlement and distribute the funds. The application, which Mal-Sarkar signed, sought a 40% fee for the firms. After a hearing, the probate court approved the fee.

{¶ 6} Several months later, in September 2010, a $2.8 million settlement was reached with the remaining defendants in the federal case and a second application to approve the settlement and distribute the funds was filed. The application again sought 40% of the amount recovered for attorney fees and was signed by Mal-Sarkar.

{¶ 7} A hearing was held on the second application, but no court reporter was present. According to the magistrate's decision, Mal-Sarkar objected at the hearing to the 40% fee on the ground that "it was not clearly explained to her that upon the filing of the complaint, the attorney fees increased from 33_% to 40%."[1] The magistrate overruled Mal-Sarkar's

---

[1] October 5, 2010 magistrate's decision, p. 3.

objection and recommended to the probate judge that the firms' application be approved.

{¶ 8} Pro se, Mal-Sarkar filed objections to the magistrate's decision and the firms responded. The trial court overruled Mal-Sarkar's objections and adopted the magistrate's decision. By and through new counsel, Mal-Sarkar filed a motion for relief from judgment, which the trial court denied. Mal-Sarkar now raises the following errors for our review:

> "I. The trial court erred in treating appellees' contingent fee agreement as valid and utilizing the 40% contingent fee provided therein as the benchmark for attorneys' fees where the contract was not executed by the fiduciary or in conformity with law.

> "II. The trial court erred in granting appellees' application to approve wrongful death and survival claim where the trial court failed to conduct a full and proper evidentiary hearing with the minor child present taking into consideration all factors set forth in DR 2-106(B).

{¶ 9} "III. The trial court erred in granting appellees' application to approve wrongful death and survival claim where appellees' contingent fee agreement was not approved by the court in advance of execution pursuant to Rule 71 of the Ohio Rules of Superintendence and Local Rule 71.1 of this court.

> "IV. The trial court erred in denying appellants' motion to vacate judgment where appellants satisfied all of the Rule 60(B) requirements for relief from judgment."

## I.

"A. The Trial Court's Approval of the Firms' Application

{¶ 10} In the first three assignments of error, Mal-Sarkar challenges the trial court's approval of the firms' application to approve the settlement and distribute the funds. In the

first assignment of error, Mal-Sarkar contends that the firms' agreement was not properly executed under R.C. 4705.15 governing contingent fee agreements. Specifically, Mal-Sarkar contends that the agreement was not signed by counsel and she was not provided a copy of it.

{¶ 11} R.C. 4705.15(B) provides:

"If an attorney and a client contract for the provision of legal services in connection with a claim that is or may become the basis of a tort action and if the contract includes a contingent fee agreement, that agreement shall be reduced to writing and signed by the attorney and the client. The attorney shall provide a copy of the signed writing to the client."[2]

{¶ 12} The agreement was signed by Mal-Sarkar, but not by any of the attorneys handling the matter. Thus, under R.C. 4705.15(B), the agreement was not valid. We need not address Mal-Sarkar's contention that she never received a copy of it.

{¶ 13} Notwithstanding the lack of a valid fee agreement, approval of the 40% award of attorney fees was not error. Loc.R. 71.2 of the Court of Common Pleas of Cuyahoga County, Probate Division, governs attorneys fees in settlements of wrongful death cases and provides:

{¶ 14} "In cases where representation is on a contingent basis, counsel will be allowed fees on the amount obtained in accordance with the following schedule:

{¶ 15} "331/3% of the first $100,000.00;

{¶ 16} "30% of the amount over $100,000.00.

{¶ 17} "Upon written application additional compensation may be granted if the

---

[2] A tort action is defined as "a civil action for damages for injury, death, or loss to person or

applicant demonstrates and the court is satisfied that extraordinary services have been rendered."

{¶ 18} Even if the fee agreement had been properly executed, "[t]he Court has the ultimate responsibility and authority to determine attorney fees in a decedent's estate as required by such Rules." Loc.R. 71.1(A) of the Court of Common Pleas of Cuyahoga County, Probate Division. The trial court in this case recognized this, stating "[t]his court is, of course, not bound to approve a 40% contingency fee solely because a fiduciary signed the agreement." October 5, 2010 magistrate's decision, p. 3.

{¶ 19} The payment of reasonable attorney fees lies within the sound discretion of the probate court. *In re Estate of Fugate* (1993), 86 Ohio App.3d 293, 298, 620 N.E.2d 966. Therefore, an award of attorney fees cannot be reversed absent an abuse of discretion. *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86. The term "abuse of discretion" connotes "an unreasonable, arbitrary or unconscionable attitude upon the part of the court." *Kaffeman v. Maclin*, 150 Ohio App.3d 403, 406, 2002-Ohio-6479, 781 N.E.2d 1050.

{¶ 20} In support of their application, which was signed by Mal-Sarkar, the firms submitted an itemized expense list for the case. They also submitted a memorandum detailing their work on the case, which included deposing 24 witnesses, reviewing thousands of pages of

property." R.C. 4705.15(A)(2).

documents, and retaining five expert witnesses. The firms estimated that they spent over 2,500 hours working on the case.

{¶ 21} Mal-Sarkar's objection to the requested 40% fee was not based on the firms' services. In fact, according to the magistrate's decision, Mal-Sarkar testified that she was "pleased with both the legal expertise and the settlement offer * * *." Id. Her contention, rather, was that it was not clearly explained to her that the firms would be seeking 40% of the amount recovered.

{¶ 22} The magistrate questioned Mal-Sarkar's "allegation of confusion." Specifically, the magistrate noted that she approved without objection the 40% fee in the first settlement. The magistrate recommended approval of the 40% fee and the probate court adopted the recommendation.

{¶ 23} The record demonstrates the complexity of the litigation, which spanned a five-year period, and supported the fee even in the absence of a properly executed agreement. In an analogous case, *Angus v. Ventura* (Jan. 27, 1999), Medina App. No. 2740-M, the contingent fee agreement between the plaintiff and his attorney was signed by the plaintiff, but not the attorney. The case went to trial and the jury returned a verdict in plaintiff's favor on his punitive damages request for relief. The defendant argued that the trial court improperly calculated plaintiff's attorney fees. Specifically, the defendant argued that the agreement did not comply with R.C. 4705.15 because only the client, and not the attorney, had signed the

contingent fee agreement. The Ninth Appellate District held:

> "Even if the agreement violated the explicit terms of Section 4705.15 of the Ohio Revised Code, the trial court could have used that agreement to calculate reasonable attorney fees. As such, because the terms of the contingent fee agreement provided an easy method to calculate the fee, the trial court did not err by performing the calculations itself and, in so doing, determining the amount of attorney fees to award plaintiff * * *."

{¶ 24} Mal-Sarkar contends that *Angus* is distinguishable because the client there "did not challenge the validity of the fee agreement." Based on the above, Mal-Sarkar's contention is without merit.

{¶ 25} Thus, because it was ultimately the probate court's responsibility to determine the attorney fees, it could have used the agreement as a guide in its determination, notwithstanding that it was not technically executed under R.C. 4705.15.

{¶ 26} In another analogous case, *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010-Ohio-5777, 945 N.E.2d 1095, this court upheld the trial court's award of attorney fees consisting of 40% of the verdict. An oral contingency fee agreement between the attorney and the client provided for 40% of any amount recovered as attorney fees. The client contended that he agreed to pay deposition and other expenses, and stated that he knew he would have to pay his attorney "something," but denied agreeing to the 40% fee. The trial court awarded the 40% fee and this court upheld the award.

{¶ 27} Mal-Sarkar contends that *Friedland* is distinguishable from this case because this court decided the issue as it did because the client raised it for the first time on appeal. It is

true that this court partially analyzed the issue of the fee under a plain error analysis because the client failed to present the applicability of R.C. 4705.15 as a defense at trial.  Id. at ¶ 36-40.  But this court also analyzed the fee issue under a manifest weight of the evidence standard, and upheld the 40% fee, finding the attorney's testimony about the oral agreement "reasonable" under the circumstances of the case.  Id. at ¶41-46.

{¶ 28} In light of the above, we find no abuse of discretion with the decision and  the first assignment of error is overruled.

{¶ 29} In the second assignment of error, Mal-Sarkar contends that the trial court erred in granting the firms' application because her minor daughter was not present at the hearing and the trial court did not take into consideration all the factors set forth under DR 2-106(B).

{¶ 30} In support of her contention regarding her minor daughter's absence from the hearing, Mal-Sarkar cites C.P.Sup.R. 68, which governs settlement of injury claims of minors and provides that "[t]he injured minor and the applicant shall be present at the hearing."  The minor daughter was not presenting an injury claim, however; her claim was a survivor claim.  C.P.Sup.R. 68(B) makes clear that the rule applies to instances where a minor suffered an injury:

> "The application shall be accompanied by a current statement of an examining physician in respect to the injuries sustained, the extent of recovery, and the permanency of any injuries.  The application shall state what additional consideration, if any, is being paid to persons other than the minor as a result of the incident causing the injury to the minor. ***."

{¶ 31} Because C.P.Sup.R. 68 did not apply in this case, Mal-Sarkar's contention that the trial court did not comply with it is without merit.

{¶ 32} Mal-Sarkar further contends in this assignment of error that the trial court failed to conduct a full evidentiary hearing and determine the reasonableness of attorney fees under DR 2-106(B).

{¶ 33} The factors to be considered under the rule are: (1) the time and labor required, the novelty and difficulty of the issues involved, and the skill required to properly perform the service; (2) the likelihood that performance of the service will preclude the lawyer from accepting other cases; (3) the fee customarily charged in the locality for similar legal service; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

{¶ 34} No recording of the hearing on the firms' application was had and therefore no transcript exists.  In the absence of a transcript, we presume the regularity of the proceeding. *Cleveland Hts. v. Aziz*, Cuyahoga App. No. 92538, 2009-Ohio-3885, ¶29.  Moreover, both the magistrate's decision and the court's judgment stated that the difficulty of the litigation, level of expertise required, the amount of the settlement, and the facts and applicable law were considered in their determinations.  On this record, Mal-Sarkar's contention that the trial court

failed to consider the factors for a determination of attorney fees is without merit.

{¶ 35} In light of the above, the second assignment of error is overruled.

{¶ 36} For the third assigned error, Mal-Sarkar contends that the contingent fee was unenforceable because the firms failed to have it pre-approved by the court as required under C.P.Sup.R. 71. We have already held that the agreement was not properly executed and therefore we will not consider this issue of pre-approval. Regardless of any agreement of parties, the probate court is the final determiner of attorney fees. On this record, the court's determination was not an abuse of its discretion and we uphold it. The third assignment of error is overruled.

"B. The Trial Court's Denial of Mal-Sarkar's Civ.R. 60(B) Motion for Relief from Judgment

{¶ 37} We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse-of-discretion standard. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

"To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that:

"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (citations omitted).

{¶ 38} Mal-Sarkar's Civ.R. 60(B) motion was based on the grounds set forth under

subsections (2), (3), and (5) of the rule, which provide as follows:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding [because of] * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment."  Id.

{¶ 39} In her motion, Mal-Sarkar contended that her "discovery that the contingent fee agreement was not executed in conformity with law constitutes newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * * ."  This was the first time at the trial court level that Mal-Sarkar raised the issue that the agreement was not signed by an attorney.  The trial court found Mal-Sarkar's contention not well taken, noting that she had signed the agreement in 2005 and acknowledged that she had received a copy of it at the latest by July 24, 2010, which was well before the September 24, 2010 hearing before the magistrate.  Thus, we agree with the trial court that the agreement did not constitute "newly discovered evidence."

{¶ 40} We also agree with the trial court that Mal-Sarkar failed to demonstrate that the firms engaged in fraud, or that there was any other ground for relief from the judgment. Moreover, the trial court properly held that Mal-Sarkar "failed to establish a meritorious claim or defense, because the probate court, by local rule, has the final authority to approve any attorney fee, based on the reasonable value of the services rendered, contingency fee agreement notwithstanding."  And, as already discussed, the probate court's approval of the firms'

application was not an abuse of discretion.

{¶ 41} In light of the above, the fourth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR