[Cite as *In re Disqualification of Swenski,* ___ Ohio St.3d ___, 2014-Ohio-3299.]

IN RE DISQUALIFICATION OF SWENSKI.

IN RE A.B.

[Cite as *In re Disqualification of Swenski,* ___ Ohio St.3d ___,

2014-Ohio-3299.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Affiants failed to establish that heated exchange with judge at hearing demonstrated her bias and required her removal—Disqualification denied.*

(No. 14-AP-037—Decided June 11, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Lorain County Court of Common Pleas, Juvenile Division, Case Nos. 12JC37114, 12JC37115, and 12JC37116.

_____

**O'CONNOR, C.J.**

**{¶ 1}** M.B. and his counsel, Brent L. English, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lisa I. Swenski from presiding over any further proceedings in case Nos. 12JC37114, 12JC37115, and 12JC37116 in the Lorain County Court of Common Pleas, Juvenile Division. The cases are pending for continuation of trial on Lorain County Children Services' motion for permanent custody of M.B.'s minor children.

**{¶ 2}** Affiants allege that Judge Swenski demonstrated actual prejudice against them during an exchange with English on the second day of the trial. Specifically, affiants claim that Judge Swenski indicated an intention to deprive M.B. of his due-process rights by declaring that the trial (1) was not about M.B.'s rights anymore and (2) would conclude by the end of May 2014 due to case time limits, regardless of whether M.B. had completed the presentation of his case. In addition, affiants claim that Judge Swenski's conduct—including raising her

voice at them and summoning an armed deputy to the courtroom—demonstrates that she is "intemperate and intolerant" of affiants.

{¶ 3} Judge Swenski has responded in writing to the allegations in the affidavits. The judge acknowledges that being drawn into a heated discussion with English was not her best option under the circumstances. However, she further explains that during the first day of the trial, English engaged in what she viewed as inappropriate courtroom conduct—such as asking "somewhat redundant questions"—and M.B. had been "disrespectful" to the court. Judge Swenski claims that after she reminded all parties that they were on a tight deadline to complete the trial by the end of May, English became "loud and argumentative" with her, which led to their heated exchange. According to Judge Swenski, she called a deputy to the courtroom to "keep things from getting out of hand and [to maintain] a safe environment." Judge Swenski denies any bias or prejudice against affiants and affirms that she will preside fairly and impartially over the continuation of the trial.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Swenski.

{¶ 5} "[W]here an affidavit is filed after the commencement of a trial and after the presentation of evidence has begun, a judge should be disqualified only where the record clearly and unquestionably demonstrates a 'fixed anticipatory judgment' * * * that undermines the absolute confidence of the public in the fairness and integrity of the proceedings." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, some of Judge Swenski's comments were misguided, but the record does not clearly and unquestionably demonstrate that Judge Swenski has formed a fixed anticipatory judgment on the merits of the underlying case warranting her removal.

**{¶ 6}** Trial judges "are certainly entitled to express dissatisfaction with attorneys' dilatory tactics inside and outside the courtroom." *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10. But notwithstanding the conduct of litigants or counsel, a judge "has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys." *In re Disqualification of Cleary*, 88 Ohio St.3d 1220, 1222-1223, 723 N.E.2d 1106 (2000). Thus, Judge Swenski was entitled to express her dissatisfaction with English about his redundant questioning, and she has the discretion—and responsibility—to manage the cases on her docket to ensure compliance with case time limits. However, the judge should make admonitions to litigants with the assurance that all parties will continue to receive their due-process protections.

**{¶ 7}** Here, on the second day of trial, Judge Swenski announced that because of case time limits, the underlying trial would end on May 30 and that any testimony or document not introduced by that time could be "proffered." English claims that it was completely unreasonable to assume that Children Services, which presented its case-in-chief first, could have completed its evidence by the May 30 deadline. Thus, English asked Judge Swenski whether she was going to permit M.B. or his witnesses to testify if the deadline arrived before M.B. had been given the opportunity to present his case. The transcript does not indicate that Judge Swenski directly responded to English's question, because a heated exchange between English and the judge ensued, with the judge stressing the case time limits. Some of the judge's comments during that exchange—such as the statement that the case was "not about [M.B.'s] rights

anymore"—could be interpreted as minimizing a parent's due-process rights in a permanent-custody hearing.[1]

{¶ 8} Fortunately—and before the affidavits of disqualification were filed—Judge Swenski backed away from her announcement that the parties would be required to "proffer" evidence after May 30, as she instructed the parties to coordinate additional days for trial past the previously announced trial deadline. This action by Judge Swenski lessened any prejudicial impact of her prior comments. Thus, given that Judge Swenski has acknowledged that additional trial days might be necessary, and given the judge's assurances that she will uphold her oath to act fairly and impartially for the remainder of the trial, the record does not clearly and unquestionably demonstrate the existence of a fixed anticipatory judgment requiring the judge's disqualification in the middle of the trial.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Swenski.

———————————————

---

[1] *Compare In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 15 ("The United States Supreme Court has recognized that in permanent custody proceedings, parents must be afforded due process before their rights can be terminated").