O'Connor, C.J.
*1300 {¶ 1} Daniel J. Gibbons has filed an affidavit pursuant to R.C. 2701.03 seeking to disqualify Judge Lisa I. Swenski from presiding over any further proceedings in six cases in which he appears as counsel.
{¶ 2} From June 2017 through June 2018, Mr. Gibbons served as president of the Lorain County Bar Association, and he has been a member of the bar association's executive board since approximately 2011. Mr. Gibbons avers that Judge Swenski has animosity toward the bar association and that during his tenure as president of the organization, the judge made a series of false allegations about the bar association and its executive director. Mr. Gibbons believes that Judge Swenski's attacks on the bar association, combined with a series of "odd and injudicious rulings" in his *187 cases, demonstrates her bias against him. In addition, Mr. Gibbons states that he contributed to the campaign of Judge Swenski's opponent in the recent May 2018 primary election, and he fears that Judge Swenski may retaliate against him based on those campaign contributions.
{¶ 3} Judge Swenski has responded in writing to the affidavit and requests that it be denied. According to the judge, her prior comments about the Lorain County Bar Association did not directly criticize Mr. Gibbons or suggest that he was responsible for the issues that she raised about the association. The judge therefore argues that her comments are not evidence of animosity toward him or his clients in the underlying cases. Judge Swenski also states that Mr. Gibbons's assumption that she will seek retribution on those who opposed her judicial campaign is "completely unsupported."
{¶ 4} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Mr. Gibbons has not submitted sufficiently compelling evidence to overcome the presumption that Judge Swenski will be impartial in the *1301 underlying cases. More specifically, Mr. Gibbons has failed to establish that Judge Swenski's apparent dissatisfaction with the bar association or its executive director would lead a reasonable person to question the judge's impartiality in cases in which Mr. Gibbons appears as counsel.
{¶ 5} To support his allegation of bias, Mr. Gibbons states that Judge Swenski has issued a few "odd and injudicious rulings" in his cases. But in general, "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Moreover, Mr. Gibbons's examples of Judge Swenski's "odd" rulings occurred before 2018. Most of the events giving rise to his affidavit of disqualification occurred during 2018. Therefore, even if a judge's adverse rulings could support a disqualification request, Judge Swenski's pre-2018 rulings would not be good evidence of the bias alleged in Mr. Gibbons's affidavit.
{¶ 6} In addition, although there may be circumstances in which an attorney's or a litigant's participation in a judicial campaign requires a judge's disqualification, see, e.g. , Board of Professional Conduct Advisory Opinion 2014-1 (Jan. 31, 2014); Caperton v. A.T. Massey Coal Co., Inc. , 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), the general rule is that a judge will not be disqualified "merely because a party to or lawyer in the underlying case campaigned for or against the judge," In re Disqualification of Celebrezze , 74 Ohio St.3d 1231, 1232, 657 N.E.2d 1341 (1991) ; see also In re Disqualification of Breaux , 150 Ohio St.3d 1305, 2017-Ohio-7374, 84 N.E.3d 1038, ¶ 10 ("under longstanding Ohio precedent and the Code of Judicial Conduct, it is not reasonable to question a judge's impartiality based solely upon counsel's or a litigant's contribution to the judge's election campaign"). "We elect judges in Ohio, and we must ordinarily assume that an attorney's or a party's vocal opposition to the election of a judge will not cause that judge to harbor bias when the attorney or the party later appears before the judge." In re Disqualification of Osowik , 117 Ohio St.3d 1237, 2006-Ohio-7224, 884 N.E.2d 1089, ¶ 6.
{¶ 7} Based on this record, Mr. Gibbons has not established that Judge Swenski has done or said anything that might convey *188 personal bias against him in the underlying cases based on his involvement with the bar association. Many of the allegations in Mr. Gibbons's affidavit-such as his allegation that the judge made false allegations against the bar association-are outside the scope of a disqualification request. See In re Disqualification of Sutula , 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 5 (the chief justice's "review of an affidavit of disqualification focuses not simply on the level of civility shown by judges * * * but rather more broadly on the judge's willingness and ability to serve fairly and impartially on a particular case"). Accordingly, as of now, the affidavit of disqualification is denied. If Mr. Gibbons later concludes that Judge *1302 Swenski's alleged hostility toward him or the bar association has more concretely impacted her ability to impartially decide his cases, he may file another affidavit of disqualification.
{¶ 8} Judge Swenski is cautioned, once again, that "a judge 'has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys.' " In re Disqualification of Swenski , 140 Ohio St.3d 1208, 2014-Ohio-3299, 15 N.E.3d 859, ¶ 6, quoting In re Disqualification of Cleary , 88 Ohio St.3d 1220, 1222-1223, 723 N.E.2d 1106 (2000). Those ethical duties apply both on and off the bench. See Jud.Cond.R. 1.2 (providing that a judge must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety"); Disciplinary Counsel v. Elum , 148 Ohio St.3d 606, 2016-Ohio-8256, 71 N.E.3d 1085, ¶ 15 (quoting Jud.Cond.R. 1.2).
{¶ 9} The affidavit of disqualification is denied. The cases may proceed before Judge Swenski.