IN RE DISQUALIFICATION OF METCALF.

IN RE GUARDIANSHIP OF SOCKWELL.

[Cite as *In re Disqualification of Metcalf* (1990), 74 Ohio St.3d 1221.]

(No. 90–AP–019—Decided June 22, 1990.)

MOYER, C.J.   The affidavit of disqualification herein was filed by Donna M. Sullivan seeking the disqualification of Judge Richard B. Metcalf from further proceedings in the above-captioned case.

As Administrator W.W.A. of the Estate of Mary G. Sockwell, affiant filed exceptions to the inventory and account of Kevin A. Craine, court-appointed guardian in the above-captioned case.   The affidavit alleges that Craine was employed by Judge Metcalf to do research for a book the judge received a state grant to write.   Affiant alleges that this relationship between Judge Metcalf and Kevin Craine disqualifies the judge from hearing the exceptions filed against Craine.

Affiant submitted a copy of the grant application, which is signed by a probate court referee, not by Judge Metcalf.   The application identifies Judge Metcalf and the referee as "key staff" and "co-authors."   The project budget states that a consultant will be hired to provide legal assistance for a maximum of $2,300; the grant proposal states that Craine will be employed as the consultant.

In his response, Judge Metcalf denies that he intended to write the book and essentially states that the probate court was simply a conduit between the state agency and Kevin Craine, who was to be the author.   Judge Metcalf denies being involved in the selection of Craine as the author and also states that to his knowledge the book was never prepared, although in a deposition Craine admitted that he "was paid a fee by the Court to perform some research for that book."

The affidavit suggests that this relationship between Judge Metcalf and Kevin Craine is grounds for the judge's disqualification from hearing the pending matter.   However, the purported relationship was not of a personal nature and was for a short duration, and there is no evidence to indicate that it has affected the impartiality of Judge Metcalf.   Further, to hold that a probate judge should be disqualified under these facts could, by analogy, lead to the conclusion that a probate judge who appoints an attorney to a position for which the attorney will be compensated, such as a fiduciary, should be disqualified from any case in which the attorney participates.   Such a result would be impractical and unjustified.

My review of all matters submitted in support of and in opposition to the affidavit of disqualification, and of the applicable law, leads me to conclude that there is insufficient evidence to sustain a finding of bias, prejudice, or interest requiring the disqualification of Judge Metcalf.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied.