577 So.2d 943 (1991)
Barbara J. NATHANSON, Appellant,
v.
Maria K. KORVICK, Judge, Appellee.
No. 76153.
Supreme Court of Florida.
April 11, 1991.
*944 Edward C. Vining, Jr., Miami, for appellant.
Robert A. Ginsburg, Dade Co. Atty. and Roy Wood, Asst. Co. Atty., Miami, for appellee.
BARKETT, Justice.
Upon certification by the Third District Court of Appeal, we review an order of the Circuit Court of the Eleventh Judicial Circuit denying Barbara Nathanson's motion to disqualify Judge Maria Korvick from presiding in her postdissolution of marriage proceedings.[*] We affirm.
Nathanson filed a petition for modification of alimony in July 1988. In November of 1989, she moved to disqualify Judge Korvick based upon the fact that her exhusband's attorney had both contributed to Judge Korvick's political campaign of 1988 and served on her campaign committee. Judge Korvick denied the motion, finding it insufficient on its face. Nathanson filed a petition for extraordinary relief in the district court. The district court declined to rule on the merits and certified the question to this Court pending our review of Breakstone v. MacKenzie, 561 So.2d 1164 (Fla. 3d DCA 1989), approved in part, quashed in part sub nom. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990).
In MacKenzie, we held that judges are not required to disqualify themselves based solely upon the allegation that an attorney or litigant has made a campaign contribution to the political campaign of the judge or the judge's spouse. As long as the citizens of Florida require judges to face the electorate, either through election or retention, "the resultant contributions to those campaigns ... are necessary components of our judicial system." Id. at 1335. We do not find that "contributions" are limited to financial ones, and thus do not distinguish between financial contributions and services on a campaign committee. For all the reasons expressed in MacKenzie, the trial judge was not obligated to recuse herself in this case.
Accordingly, we affirm the order of the circuit court.
It is so ordered.
McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, Acting C.J., dissents with an opinion.
SHAW, C.J., recused.
OVERTON, Acting Chief Justice, dissenting.
I dissent for the same reasons I expressed in my concurring opinion in MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990). In that instance, the majority had concluded that a judge's impartiality may not be challenged when the judge had received a political contribution allowed by law. In this case, the majority takes it a step further. Here, the adversary's attorney not only made a contribution but was on the judge's campaign committee and listed on his letterhead. It stretches common sense and reason to say that it is unreasonable for a citizen to question the impartiality of a judge under these circumstances. I would quash the decision of the district court.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(5) of the Florida Constitution.