In re Disqualification of Celebrezze.

Silverberg v. Silverberg; Corporate Center Associates et al.

[Cite as In re Disqualification of Celebrezze (1991), 74 Ohio St.3d 1231.]

(No. 91–AP–102—Decided August 16, 1991.)

Moyer, C.J. This affidavit of disqualification seeks the disqualification of Judge James P. Celebrezze of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas from presiding over a domestic relations matter. Affiant is Judge Linda Rocker of the General Division of the Cuyahoga County Court of Common Pleas.

Judge Rocker is a party to and potential witness in the underlying case. Initially, Judge Rocker was named a third-party defendant in the case by defendant Gail S. Silverberg; however, she later was dismissed from the case by defendant. Subsequently, plaintiff Dan K. Silverberg filed a third-party complaint against Judge Rocker, alleging that Judge Rocker possesses or controls assets belonging to either plaintiff or defendant or may be liable to plaintiff for all or part of the counterclaims made by defendant against plaintiff.

Judge Rocker asserts that Judge Celebrezze should be disqualified because they are "colleagues on the same bench" and "to avoid hostility within the [Cuyahoga County] bench and embarrassment to it." Judge Rocker also notes that prior to her 1990 appointment as a judge, she played a "major role" in the primary election campaign earlier that year of Judge Celebrezze's opponent, a fact known to Judge Celebrezze.

Addressing Judge Rocker's latter contention first, I decline to establish a far-reaching rule that mandates the recusal or disqualification of a judge merely because a party to or lawyer in the underlying case campaigned for or against the judge. The ability of a judge to preside fairly and impartially in that situation is best determined on a case-by-case basis.

With regard to Judge Rocker's primary contention, R.C. 2701.03 reads, in part, as follows:

"When a judge of the court of common pleas is interested in a cause or matter pending before the court, is related to, or has a bias or prejudice either for or against, a party to a matter or cause pending before the court or his counsel, or is otherwise disqualified to sit in a cause or matter pending before the court, any party to the cause or matter, or the counsel of any party may file an affidavit with the clerk of the supreme court setting forth the fact of the interest, bias, prejudice, or disqualification."

Other than as noted above, there is no allegation in the affidavit that Judge Celebrezze is interested in the underlying case or is biased or prejudiced for or against a party. Based on the allegations before me, I cannot conclude that Judge Celebrezze is "otherwise disqualified to preside over this case." Judge Rocker and Judge Celebrezze are members of the same court; however, they preside in different divisions that are administered separately. Without more, I am unable to conclude that affiant's allegations of potential hostility and embarrassment mandate the disqualification of Judge Celebrezze.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied. The case shall continue before Judge James P. Celebrezze.