IN RE DISQUALIFICATION OF MORRISSEY ET AL.

THE STATE OF OHIO v. FAUTENBERRY.

[Cite as In re Disqualification of Morrissey (1996), 77 Ohio St.3d 1252.]

(No. 96–AP–130—Decided October 7, 1996.)

MOYER, C.J. Affiant is counsel for petitioner John Fautenberry in a post-conviction relief action assigned to Judge William J. Morrissey of the Hamilton County Court of Common Pleas. In the petition, affiant contends that the petitioner's trial counsel provided ineffective assistance of counsel and that the lead trial attorney, Michael Walton, possessed a conflict of interest that was not disclosed at trial.

In his affidavit of disqualification, affiant contends that Judge Morrissey and the other judges of the Hamilton County Court of Common Pleas should be disqualified because attorney Walton is now employed as the court administrator of the Hamilton County Court of Common Pleas. Essentially, affiant maintains that Judge Morrissey or another Hamilton County judge cannot fairly and impartially determine effectiveness of counsel provided by attorney Walton at the trial of the underlying matter and that the judges' participation in this case, in which a primary issue is the competency of legal representation provided by attorney Walton, creates an appearance of impropriety.

While the question of whether attorney Walton and his co-counsel provided effective representation at trial primarily is a factual determination based on the record before the judge, the judge must assess the professional competency of

the trial counsel in making this determination. In virtually every instance in which a judge is asked to rule on the effectiveness of counsel, he or she will have prior knowledge of counsel's professional abilities, by having observed those abilities either in the underlying trial or in other cases in which that attorney appeared before the judge. The situation presented in this affidavit of disqualification is unique in that one of the trial counsel is now an employee of the court that is being asked to assess those abilities. Moreover, the court is being asked to assess the abilities of the senior, nonjudicial employee of the court and the person who, by local rule, works most closely on a daily basis with the entire Hamilton County bench.

While I am unable to conclude, based on the record before me, that Judge Morrissey or the other judges of the Hamilton County Court of Common Pleas cannot fairly and impartially rule on this petition for post-conviction relief, their disqualification is mandated to avoid the appearance of impropriety. Judge William J. Morrissey and all of the judges of the Hamilton County Court of Common Pleas are disqualified from the underlying matter, and I will assign a judge from outside Hamilton County to preside in this case.