[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1213.]

IN RE DISQUALIFICATION OF O'NEILL.

THE STATE OF OHIO *v.* CAULLEY.

[Cite as *In re Disqualification of O'Neill*, 1997-Ohio-19.]

*Judges—Affidavit of disqualification—Mere disagreement or dissatisfaction with judge's rulings of law is not grounds for disqualification—Judges of Franklin County disqualified from presiding at suppression hearing when former assistant prosecuting attorney, now a common pleas judge, will be called as witness.*

(No. 97-AP-074—Decided June 4, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County

Court of Common Pleas case No. 96CR-12-6787.

_____

**MOYER, C.J.**

{¶ 1} Robert J. Caulley, the defendant in a capital murder case assigned to Judge Deborah P. O'Neill of the Franklin County Court of Common Pleas, has filed an affidavit seeking the disqualification of Judge O'Neill and all judges of the Franklin County Court of Common Pleas from further proceedings in this case. This matter is scheduled for a June 6, 1997 hearing on affiant's motion to suppress.

{¶ 2} Affiant contends that Judge O'Neill should be disqualified because she displayed bias and prejudice against him in removing his previously appointed trial counsel without notice to the affiant and an opportunity to be heard. Affiant further contends that Judge O'Neill and all judges from the Franklin County Court of Common Pleas should be disqualified because Judge Daniel Hogan will be called as a witness at a hearing on affiant's motion to suppress to testify as to his involvement as an assistant prosecuting attorney in obtaining statements from the affiant following his arrest.

{¶ 3} Affiant's first contention expresses disagreement with Judge O'Neill's ruling in which she removed affiant's court-appointed counsel and nullified affiant's indigency status based on the fact that private counsel had been retained on affiant's behalf. Contrary to affiant's contention, this ruling does not appear to be the product of bias or prejudice on the part of Judge O'Neill, and mere disagreement or dissatisfaction with a judge's rulings of law is not grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶ 4} Affiant's second contention relates not only to Judge O'Neill's continued participation in this case, but also to the ability of any judge in the Franklin County Court of Common Pleas to preside over this matter. The motion to suppress filed by affiant contends that certain statements made by affiant to law enforcement officers during their murder investigation were not voluntary. According to the record before me, Judge Hogan, while serving as an assistant prosecuting attorney, was involved in this investigation, and affiant alleges that he will be called as a witness at the suppression hearing. As a result, affiant contends that the judge presiding at the hearing will be asked to assess Judge Hogan's professionalism, competency, credibility, and truthfulness and, perhaps, determine whether Judge Hogan may have participated in the coercion of allegedly involuntary statements made by the affiant.

{¶ 5} *In re Disqualification of Morrissey* (1996), 77 Ohio St.3d 1252, 674 N.E.2d 360, involved a post-conviction relief proceeding in which the defendant alleged that he did not receive effective assistance of counsel at trial. The defendant's trial counsel was then serving as the court's administrator, and the defendant sought disqualification of all judges in Hamilton County on the grounds that the judges would be asked to assess the competency of legal representation provided by an attorney who is now a court employee. I concluded that disqualification was warranted to avoid the appearance of impropriety, since the

judges would be required "to assess the abilities of the senior, nonjudicial employee of the court who, by local rule, works most closely on a daily basis with the entire Hamilton County bench."  *Id.* at 1253, 674 N.E.2d at 361.

{¶ 6} The judge presiding over the suppression hearing in this matter will be asked to make a similar assessment of Judge Hogan's testimony and perhaps his involvement in the investigation that produced the statements affiant seeks to suppress.  While there is no indication in the record before me that Judge O'Neill or the other judges of the Franklin County Court of Common Pleas cannot fairly and impartially preside over the suppression hearing, their disqualification is mandated to avoid the appearance of impropriety.  Judge Deborah P. O'Neill and all judges of the Franklin County Court of Common Pleas are disqualified from this case, and I will assign a judge from outside Franklin County to preside in this matter.

_____