**[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1232.]**

IN RE DISQUALIFICATION OF JACKSON.

ANGLES *v.* ANGLES.

**[Cite as *In re Disqualification of Jackson*, 1998-Ohio-483.]**

*Judges—Affidavit of disqualification—No evidence that business or social relationships between party's father and the judge would mandate disqualification—Mere fact that a party or lawyer in a pending case campaigned for or against a judge is not grounds for disqualification.*

(No. 98-AP-126—Decided November 23, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Fairfield County Court of Common Pleas, Domestic Relations Division case No. 97DR518.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by defendant Christopher L. Angles seeks the disqualification of Judge S. Farrell Jackson from further proceedings regarding the above-captioned case.

{¶ 2} Affiant contends that Judge Jackson should be disqualified because plaintiff Natalie H. Angles's father has an "overwhelming financial, political, and social presence" in the community who comes in regular contact with important community business and political leaders. Because of his father-in-law's position in the community and because affiant has claims in the divorce that involve businesses owned by his father-in-law, affiant questions whether Judge Jackson can fairly and impartially preside over this case.

{¶ 3} I decline to establish a rule, as is suggested by affiant, that requires the disqualification of a judge based simply on the business, social, or political prominence of a party or potential party to a pending lawsuit. Affiant offers no evidence of a business or social relationship between the judge and affiant's father-

in-law that would mandate the judge's disqualification and, in fact, states his belief that Judge Jackson is an honorable judge. He simply speculates that the judge will be unable to set aside the status of the plaintiff's father in considering issues in this case.

{¶ 4} Affiant does allege that the plaintiff's father and attorneys involved in the underlying case were contributors to Judge Jackson's 1994 campaign committee, and this allegation is not disputed by Judge Jackson. However, the mere fact that a party or lawyer in a pending case campaigned for or against a judge is not grounds for disqualification. *In re Disqualification of Celebrezze* (1991), 74 Ohio St.3d 1231, 657 N.E.2d 1341; and *In re Disqualification of Cleary* (1996), 77 Ohio St.3d 1246, 674 N.E.2d 357; see, also, *In re Disqualification of Ney* (1995), 74 Ohio St.3d 1271, 657 N.E.2d 1367. In view of the amount of the contributions in question and the fact that they occurred more than four years ago, I cannot conclude that the contributions create a reasonable question regarding Judge Jackson's impartiality.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Jackson.

———————————