[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1204.]

IN RE DISQUALIFICATION OF MALONEY.

WOLK *v*. WOLK.

[Cite as *In re Disqualification of Maloney*, 2000-Ohio-201.]

*Judges—Affidavit of disqualification—Allegation that counsel for plaintiff was judge's campaign manager—Mere fact that one served as member of judge's campaign committee does not, without more, mandate disqualification.*

(No. 00-AP-030—Decided July 6, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County Common Pleas Court case Nos. 97MS193C and 97CI193.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Marshall D. Buck, counsel for defendant, Marcia S. Wolk, seeks the disqualification of Judge Timothy P. Maloney from further proceedings regarding the above-captioned cases.

{¶ 2} The essence of affiant's claim of bias and prejudice is that counsel for plaintiff Joshua Wolk in the underlying case was an active participant in Judge Maloney's 1996 election campaign and served as Judge Maloney's campaign manager. Affiant contends that this matter should have been disclosed prior to trial and that this relationship has caused the judge to be biased against affiant's client.

{¶ 3} Attorneys are the primary targets of requests for campaign contributions and to serve on judicial campaign committees, and the mere fact that an attorney served as chairman or a member of a judge's campaign committee does not, without more, mandate the judge's disqualification from cases in which that attorney appears as counsel of record. See *In re Disqualification of Ney* (1995), 74 Ohio St.3d 1271, 1272, 657 N.E.2d 1367, 1368, and Board of Commissioners on

Grievances and Discipline Advisory Op. No. 92-9. Similarly, financial contributions and other forms of support during a judicial campaign do not raise a reasonable question regarding a judge's impartiality. *In re Disqualification of Jackson* (1998), 84 Ohio St.3d 1232, 704 N.E.2d 1236.

{¶ 4} In this case, the record does not support affiant's claim that opposing counsel served as Judge Maloney's campaign manager or otherwise took a leadership role in the election campaign. Even if those allegations were true, affiant has failed to establish the existence of bias or prejudice or the appearance of impropriety that would mandate Judge Maloney's disqualification from the underlying case.

{¶ 5} The balance of affiant's allegations constitutes disagreement or dissatisfaction with the judge's legal rulings, which I have held do not constitute grounds for disqualification. See *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶ 6} For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____