[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1231.]

IN RE DISQUALIFICATION OF CELEBREZZE.

DZINA *v*. DZINA.

[Cite as *In re Disqualification of Celebrezze*, 2001-Ohio-4093.]

*Judges—Affidavit of disqualification—Attorney's prior participation in a judge's campaign committee is not grounds for disqualification of the judge from cases involving that attorney—Campaign involvement occurred twenty-three years previously.*

(No. 01-AP-058—Decided July 25, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas Domestic Relations Division case No. D263220.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by James E. Burns, counsel for the plaintiff, seeks the disqualification of Judge James P. Celebrezze from further proceedings regarding the above-captioned case, *Daniel Dzina v. Nancy Dzina.*

{¶ 2} In support of his claim of disqualification, affiant states that opposing counsel previously served as chair or treasurer of Judge Celebrezze's campaign committee. He asserts that this relationship has caused Judge Celebrezze to demonstrate bias in favor of the defendant and cites several rulings issued by the judge that are adverse to his client's interests. Previously, I have held that an attorney's prior participation in a judge's campaign committee is not grounds for disqualification of the judge from cases involving that attorney. See *In re Disqualification of Maloney* (2000), 91 Ohio St.3d 1204, 741 N.E.2d 133 (attorney was a member of a judge's campaign committee), and *In re Disqualification of Ney* (1995), 74 Ohio St.3d 1271, 657 N.E.2d 1367 (counsel personally solicited contributions on behalf of the judge's campaign committee in the preceding

election). See, also, Board of Commissioners on Grievances and Discipline Advisory Op. No. 92-9. Given the fact that defense counsel's involvement in Judge Celebrezze's campaign occurred twenty-three years ago, I cannot conclude that the relationship cited by affiant requires the judge's disqualification.

{¶ 3} The balance of affiant's claims relate to adverse legal rulings made by Judge Celebrezze. These rulings are subject to review on appeal and do not demonstrate bias or prejudice that warrants the judge's disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Celebrezze.

———————————