IN RE DISQUALIFICATION OF BURNSIDE.

JONES *v.* BAKER & HOSTETLER, L.L.P., ET AL.

[Cite as *In re Disqualification of Burnside*, 113 Ohio St.3d 1211, 2006-Ohio-7223.]

(No. 06–AP–015—Decided March 17, 2006.)

MOYER, C.J.

{¶ 1} Plaintiff, Jeffrey F. Jones, his attorney Richard G. Johnson, and attorney Richard E. Flamm have filed affidavits with the clerk of this court under R.C. 2701.03, seeking the disqualification of Judge Janet R. Burnside from acting on any further proceedings in case No. CV–03–518194 in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Affiant Jones contends that Judge Burnside has received campaign contributions between 1992 and 2005 totaling "at least $8,300" from the law firm of Baker & Hostetler, L.L.P., which was a defendant in the case until the plaintiff voluntarily dismissed his claims against that party in October 2005. Attorney

Flamm—the author of a treatise on judicial disqualification—offers the opinion that a reasonable and objective observer would question the ability of the judge to serve impartially in the case, given her acceptance of large campaign contributions from the Baker firm and her failure to disclose those contributions to the parties.

{¶ 3} The affiants also describe some of the judge's rulings in the case as arbitrary and capricious, and affiant Jones contends that 93 percent of her substantive rulings in the case have favored the defendants. This alleged favoritism in judicial rulings, coupled with the large campaign contributions to the judge from the defendants, calls the judge's impartiality into doubt, according to the affiants. They also fault her for failing to explain her refusal to step aside when they raised these concerns in a motion asking her to recuse.

{¶ 4} Affiant Johnson also suggests that my own ability to rule on the affidavits of disqualification in this case is suspect because the Baker firm has contributed to my judicial campaigns as well.

{¶ 5} Judge Burnside has responded to the affidavits in writing. She denies holding any bias or prejudice for or against any of the parties or their attorneys. She explains that she was unaware of the amount of Baker & Hostetler's contributions to her judicial campaigns, and she contends that no law firm's contributions stand out in her mind. She makes decisions, the judge explains, based on her best judgment without regard to the amount or frequency of contributions from parties or lawyers. The judge notes as well that she is unopposed for reelection this year, so her campaign committee will not be soliciting any additional campaign funds in 2006.

{¶ 6} The judge also denies that she has treated this case differently from any others on her docket, and she denies tailoring her rulings to favor one side or the other. "I ruled as I saw fit," she explains, "without any bias against or favoritism for any party." She adds that she does not care whether or not the case stays on her docket.

{¶ 7} I find no basis for ordering the disqualification of Judge Burnside. Her very thorough response addresses every allegation in the affidavits, and both the tone and the content of that response show quite clearly that the judge is neither biased nor prejudiced against the plaintiff. Even though Judge Burnside has evidently received campaign contributions from the Baker & Hostetler firm in past judicial campaigns, I cannot conclude that a reasonable and objective observer—one familiar with both the allegations in the affidavits and the judge's response to those allegations—would hold serious doubts about her ability to serve fairly and impartially in this case. She has explained why she did not disclose those contributions—because she relied on professional campaign fund-raisers and has not kept a mental log of campaign contributions or contributors

while performing her judicial duties—and I see nothing in the record before me to call that explanation into doubt.

{¶ 8} As attorney Flamm notes in his affidavit, elected judges are generally not required to recuse themselves from cases in which a party is represented by an attorney who has contributed to or has raised money for the judge's election campaign. See *In re Disqualification of Jackson* (1998), 84 Ohio St.3d 1232, 1233, 704 N.E.2d 1236 ("the mere fact that a party or lawyer in a pending case campaigned for or against a judge is not grounds for disqualification"); *Nathanson v. Korvick* (Fla.1991), 577 So.2d 943, 944 ("judges are not required to disqualify themselves based solely upon the allegation that an attorney or litigant has made a campaign contribution to the political campaign of the judge or the judge's spouse"); *Rocha v. Ahmad* (Tex.App.1983), 662 S.W.2d 77, 78 ("If a judge cannot sit on a case in which a contributing lawyer is involved as counsel, judges who have been elected would have to recuse themselves in perhaps a majority of the cases filed in their courts").

{¶ 9} That standard rule applies in this case. The affiants correctly assert that they are entitled to a fair hearing and an impartial decision-maker, and they rightly suggest that a judge's receipt of large campaign contributions might call into question the judge's impartiality in a particular case. In this case, however, Judge Burnside's explanations of her fundraising activities and her decision-making process do not convince me that the two are linked in the way that the affiants suggest. She appears to have done her best to separate her judicial duties from her campaign activities, and in a state in which judges are elected, that is the most we can ask of those who seek and secure judicial office. Given Judge Burnside's statement that she raised more than $1 million in a statewide campaign in 2002 alone, her alleged receipt of "at least $8,300" from the Baker firm does not call into serious doubt the judge's ability to preside fairly and impartially in this case.

{¶ 10} Judge Burnside's assurances that she has made all decisions in the case using her best judgment without bias for or against any party, coupled with her statement that she does not care whether the case remains on her docket, prompt me as well to reject the affiants' assertion that disqualification is warranted based on arbitrary and erroneous rulings by the judge. It is not the role of the Chief Justice in cases such as this to question the correctness of a judge's rulings, and nothing in the judge's response suggests to me that she has approached her judicial duties in the case with anything other than the requisite open state of mind. Though some decisions of a trial judge can be challenged on appeal, a party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. Even though the affiants contend that

I ought to question the judge's rulings because those rulings have allegedly favored a campaign contributor, I conclude that a reasonable and objective observer familiar with the judge's response would not believe that her rulings were the result of any disqualifying bias or prejudice. As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 11} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Burnside.