[Cite as *In re Disqualification of Forchione*, 134 Ohio St.3d 1211, 2011-Ohio-7077.]

IN RE DISQUALIFICATION OF FORCHIONE.

ESTATE OF MCCAULEY ET AL. *v*. CONLEY.

[Cite as *In re Disqualification of Forchione,*

134 Ohio St.3d 1211, 2011-Ohio-7077.]

*Judges—Affidavit of Disqualification—Disqualification denied.*

(No. 11-AP-128—Decided December 30, 2011.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas,

Case No. 2011-CV-02325.

_____

**O'CONNOR, C.J.**

{¶ 1}   Attorney Craig T. Conley has filed an affidavit with the clerk of this court under R.C. 2701.03, seeking to disqualify Judge Frank Forchione from case No. 2011-CV-02325, an attorney-malpractice action now pending in the Court of Common Pleas of Stark County.

{¶ 2}   Conley alleges that Judge Forchione's disqualification from the underlying case is required because (1) two local attorneys are parties, (2) the judge recently recused himself from another case in which Conley was a party, (3) Judge Dixie Park will be called as a fact witness, and (4) Judge Forchione engaged in judicial misconduct against Conley in an unrelated case.

{¶ 3}   Judge Forchione has responded to the allegations raised in the affidavit of disqualification.  The judge states that he has no personal bias against attorney Conley.  According to the judge, Conley's affidavit is merely a ploy to replace him with another judge because Conley is unhappy that one of his motions was denied.  Judge Forchione maintains that he has acted fairly and impartially on all occasions and vows to continue to preside in such a manner.

**{¶ 4}** For the following reasons, no basis has been established for ordering the disqualification of Judge Forchione.

**{¶ 5}** Conley maintains that Judge Forchione's disqualification is warranted because Judge Dixie Park, who presides over the Stark County Probate Court, will be called as a fact witness in the underlying case. But Judge Forchione's disqualification is not automatically required merely because a judge may be called as a witness. *See In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 1232, 657 N.E.2d 1341 (1991). *In re Disqualification of Celebrezze* involved a case that was pending before the Domestic Relations Division of the Cuyahoga County Common Pleas Court. The affiant in *Celebrezze* was Judge Rocker, a general-division judge of the Cuyahoga County Common Pleas Court. *Id.* at 1231. Judge Rocker was a party and potential witness in the domestic relations case, and she sought to disqualify Judge Celebrezze because they were "colleagues on the same bench." *Id*. at 1232. Chief Justice Moyer held that disqualification was not required, noting that Judge Celebrezze and Judge Rocker, although members of the same court, presided over different divisions. *Id*.

**{¶ 6}** Likewise, although Judge Forchione and Judge Park are both members of the Stark County Common Pleas Court, they preside over different divisions. Conley offers no further information concerning Judge Forchione's professional relationship with Judge Park, and that relationship alone does not compel his disqualification from the underlying case. *See also In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093 (common pleas judge not disqualified where crime victims and potential witnesses included local municipal court judge and other public officials); *In re Disqualification of Koch*, 113 Ohio St.3d 1220, 2006-Ohio-7228, 863 N.E.2d 624, ¶ 4 (disqualification of all county judges not required where county prosecutor and assistant prosecutors may be called as witnesses). *Compare In re Disqualification of O'Neill*, 81 Ohio St.3d 1213, 1214-1215, 688 N.E.2d 516

(1997) (judge disqualified where fellow judge serving in the same division was to be called as witness); *In re Disqualification of Morrissey*, 77 Ohio St.3d 1252, 1253, 674 N.E.2d 360 (1996) (judge disqualified where court administrator was to be called as witness).

{¶ 7} Conley also contends that Judge Forchione's disqualification is warranted because Conley and another local attorney are opposing parties in the underlying action. According to Conley, in October 2011, all general-division judges of the Stark County Common Pleas Court—including Judge Forchione— stepped aside from an unrelated civil case in which Conley was a counterclaim defendant. And Conley notes that those same judges recently recused themselves from another case because—as in the underlying action—two local attorneys were the opposing parties.

{¶ 8} Contrary to Conley's assertion, the fact that a judge voluntarily stepped aside from an earlier case does not by itself support his disqualification from an unrelated case involving that same party. *In re Disqualification of Martin*, 74 Ohio St.3d 1221, 657 N.E.2d 1334 (1990). Likewise, the mere fact that a local attorney is a litigant does not require the disqualification of the sitting judge, unless the judge's relationship with that particular lawyer justifies removal. *See In re Disqualification of Panagis*, 74 Ohio St.3d 1213, 657 N.E.2d 1328 (1989). But here, Conley offers no compelling evidence of any relationship between him and Judge Forchione that would make disqualification necessary.

{¶ 9} Conley's sole argument in this regard is that Judge Forchione demonstrated personal bias and prejudice against Conley in *Public Salt Co. v. Varavvas*, case No. 2010-CV-01192, a prior, unrelated case in which Conley served as counsel. According to Conley, during a hearing in that case, Judge Forchione threatened repeatedly to fine and jail the attorneys, aggressively "cross-examined" and "browbeat" Conley's expert witness, impugned the integrity of

Conley and his expert witness, and prejudged the issue whether the parties had reached a settlement agreement.

{¶ 10} As an initial matter, Conley has waived this claim by failing to raise it in a timely manner. Conley claims that Judge Forchione's disqualifying conduct occurred during a hearing in the *Varavvas* case that was held on February 10, 2011. The underlying attorney-malpractice action was filed against Conley on July 27, 2011. Yet Conley did not file an affidavit with this court seeking to disqualify Judge Forchione from presiding over Conley's case until November 14, 2011, almost four months later. It is well settled that an affidavit of disqualification must be filed as soon as possible after that affiant becomes aware of circumstances that support disqualification and that failure to timely file may result in waiver of the objection. *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). Conley's delay in filing the affidavit of disqualification constitutes an independent ground for denying this allegation. *See In re Disqualification of Glickman*, 100 Ohio St.3d 1217, 2002-Ohio-7471, 798 N.E.2d 5, ¶ 7-8.

{¶ 11} Even if Conley had not waived his objection, his allegations against Judge Forchione concerning the *Varavvas* case are without merit. Each will be addressed in turn.

{¶ 12} First, Conley asserts that Judge Forchione engaged in improper judicial conduct when he threatened, "without any provocation," to fine and jail the attorneys in the *Varavvas* case. The record in this case reflects, however, that Judge Forchione threatened to fine and jail both counsel only after they had engaged in unprofessional behavior for several months and the judge's previous admonitions had gone unheeded. Thus, contrary to Conley's assertion, Judge Forchione did not act "without any provocation." Judges "are certainly entitled to express dissatisfaction with attorneys' dilatory tactics inside and outside the courtroom." *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-

Ohio-7354, 826 N.E.2d 302, ¶ 10. *See also In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 6 ("A judge's use of forceful language inside or outside the courtroom does not prevent the judge from serving fairly and impartially * * *"). And a trial judge has wide discretion in supervising the practice of law to ensure that attorneys appearing before the court comply with the Rules of Professional Conduct. *See Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 259-260, 510 N.E.2d 379 (1987). Moreover, the fact that the judge threatened to impose sanctions on *both* Conley and his opposing counsel undercuts Conley's claim that the judge exhibited partiality.

{¶ 13} Second, Conley contends that Judge Forchione demonstrated bias and predisposition when he improperly questioned Conley's expert witness in the *Varavvas* case. A review of the transcript reveals that Judge Forchione merely questioned the witness in an effort to clarify her testimony. The judge did not "browbeat" the witness, as alleged by Conley. Likewise, nothing in the transcript supports Conley's claim that the judge was trying to persuade the witness to change her expert opinion to one in concert with his own predisposition of the case. Indeed, Judge Forchione had no reason to persuade the expert witness to any particular view because, as the trier of fact, he could simply reject the opinion of Conley's expert witness.

{¶ 14} Third, Conley alleges that Judge Forchione made a comment to Conley's expert witness during her testimony that impugned the integrity of both Conley and the expert witness. According to Conley, the judge's comment, "As Mr. Conley's expert, I didn't expect you to agree," implied that Conley had directed his expert witness (in return for a fee) to proffer a disingenuous expert opinion. But the judge's comment merely stated the obvious: that Conley would not have hired an expert witness whose opinion was contrary to the position advocated by Conley. On this record, no reasonable and objective observer would harbor serious doubts about Judge Forchione's impartiality. *See In re*

*Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge).

{¶ 15} Fourth, as to Conley's claim that Judge Forchione predetermined that no settlement agreement had been reached, Conley has once again failed to offer compelling evidence to support his claim. Judge Forchione did state early in the hearing—and before hearing testimony on the motions to enforce the settlement—that he did not believe that the parties had reached a settlement. But judges often comment about evidence or the law, and even form conditional opinions after hearing preliminary aspects of a case. Such comments or opinions, however, are not sufficient to counter the presumption of the judge's ability to render a fair decision based upon the evidence later presented. *See In re Disqualification of Horvath*, 105 Ohio St.3d 1247, 2004-Ohio-7356, 826 N.E.2d 305, ¶ 8. Conley overlooks the fact that Judge Forchione's comment was based on his review of the purported settlement agreement and the parties' competing motions to enforce the settlement. That is, the judge's comment reflected nothing more than his preliminary assessment of the settlement issue based on the pretrial evidence and argument of the parties—and such assessments are generally permissible. *See In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1250-1251, 657 N.E.2d 1353 (1993) (judge not disqualified where she made pretrial statements about possible spousal award and attorney fees); *In re Disqualification of Solovan*, 101 Ohio St.3d 1222, 2003-Ohio-7353, 803 N.E.2d 821, ¶ 4 (judge not disqualified where he discussed prejudgment-interest award before trial to facilitate settlement).

{¶ 16} In sum, Judge Forchione's actions and comments in the *Varavvas* case do not demonstrate bias or prejudice against Conley.

{¶ 17} As a final matter, Conley complains that Judge Forchione's response to the affidavit of disqualification includes "*ad hominem* attacks" against him. Conley specifically points to the judge's comment that Conley has

consistently used disqualification procedures and other mechanisms "to bully his way through the process." Judge Forchione's remark was ill advised. As the Code of Judicial Conduct directs, judges should be "patient, dignified, and courteous" to litigants, lawyers, and others in an official capacity and should refrain from using words or conduct that might "manifest bias or prejudice." Jud.Cond.R. 2.8(B) and 2.3(B). Nevertheless, the judge's remark does not convey the impression that he had developed a "hostile feeling or spirit of ill-will" or reached a "fixed anticipatory judgment" that will prevent him from presiding over the case with an "open state of mind * * * governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

### Conclusion

{¶ 18} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 19} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Forchione.

————————————————