COHEN, J.,
concurring specially.
In my view, merely being one of at least nineteen lawyers to host a fundraiser,[2] in and of itself, is not sufficient to warrant recusal of a judge. See Nathanson v. Korvick, 577 So.2d 943, 944 (Fla.1991) (“We do not find that ‘contributions’ are limited to financial ones, and thusdo not distinguish between financial contributions and services on a campaign committee.”); MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990) (“We conclude that an allegation in a motion that a' litigant or counsel for a litigant has made a legal campaign contribution to the political campaign of the'trial judge, or the trial judge’s spouse, without more, is not a legally sufficient ground , [to require recu-sal].”).
In this case, however, Petitioner’s motion for disqualification alleged more than this. Petitioner alleged specific acts of preferential treatment by the trial judge; including the withdrawal, sua sponte, of an order • pending on appeal to protect Respondent from liability for attorney’s fees, and providing Respondent with preference in scheduling hearings on multiple occasions while Petitioner was unable to obtain *892 hearings on important motions. As the majority opinion notes,' the motion was properly sworn and the allegations therein must be accepted as true. Because the totality of the allegations were sufficient to warrant recusal, I concur in-the result.

. The flyer for the event included in the record listed nineteen committee members, in-eluding Payas, and noted that the committee was still in formation.