IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 18, 2022

## SALLIE LUNN TARVER v. JOHN KIRK TARVER

**Appeal from the Circuit Court for Shelby County**
**No. CT-000207-14          Robert S. Weiss, Judge**

_____

**No. W2022-00343-COA-T10B-CV**

_____

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, filed by John Kirk Tarver ("Petitioner"), seeking to recuse the judge in this case involving post-divorce matters. Following our thorough review of the petition for recusal appeal filed by Petitioner, we discern no error and therefore affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Stephen F. Libby, Memphis, Tennessee, for the appellant, John Kirk Tarver.

Gail R. Sevier, Memphis, Tennessee, for the appellee, Sallie Lunn Tarver.

## OPINION

Petitioner and Sallie Lunn Tarver ("Respondent") were divorced in 2017.[1] In May 2021, Petitioner filed a petition to modify the final decree. In November 2021, Respondent filed a petition to enforce the final decree. In December 2021, Petitioner filed a petition for injunctive relief, and Respondent filed a motion to add a party. These petitions and motion remain pending in the Circuit Court for Shelby County ("trial court"). In January 2022, Petitioner filed in the trial court a motion for recusal and transfer. Following a hearing, the trial court entered an order on February 25, 2022, denying the motion for recusal for failure to comply with Tennessee Supreme Court Rule 10B.[2]

_____

[1] By Opinion filed March 13, 2019, this Court affirmed the trial court's amended final decree.
[2] The trial court also stated, in the alternative, that it would deny the motion based upon other grounds.

Petitioner then filed an amended motion for recusal attempting to cure the fatal deficiencies in his first motion. The trial court held a hearing and entered its order on March 25, 2022, denying the amended motion for recusal and finding in pertinent part:

14[.] The Movant, John Kirk Tarver, filed his Motion alleging that on January 13, 2022 the law firms of Moskovitz, McGhee, Brown, Cohen & Moore, Black McLaren Jones Ryland & Griffee and Butler Sevier Hinsley & Reid co-hosted a fundraising event supporting the re-election of Judge Bob Weiss[.]

15[.] Wife was previously represented by John Ryland and is currently represented by Gail Sevier, both of whom are partners in two of the hosting firms.

16. In the case at bar, the law firm of Butler Sevier Hinsley & Reid were co-hosts of a campaign event hosted in the lobby of the building at 530 Oak Court Drive, Memphis, TN 38117 where all three firms are located.

17[.] That the Committee was only in contact with one representative from each firm, Lara Butler, Mike McLaren and Charles McGhee[.]

18. The firms were supportive of the event by securing permission to utilize the open lobby in their building.

19[.] Mike McLaren also secured a donation of refreshments but the Committee provided the food, staffing and promotion of the event.

20[.] The lawyers in all three firms actively practice in the Shelby County Circuit Courts and include a total of thirty-seven (37) lawyers.

21[.] In compliance with Tennessee Supreme Court Rule 10 RJC 4.1(a)(8), the Court is unaware of what financial contributions, if any, were made by the individual firms or any particular lawyer.

22. No attorney in Butler Sevier Hinsley & Reid or the other co-hosting firms is a member of the Committee to Re-Elect Judge Robert "Bob" Weiss nor does anyone in any of the firms hold a leadership position in the campaign.

Petitioner filed his petition for recusal appeal in this Court on March 18, 2022.[3]

Following our review of the petition and supporting documents submitted with the petition, we have determined in this case that an answer, additional briefing, and oral argument are unnecessary to our disposition. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019) (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015)). As this Court explained in *Neamtu*:

> "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke* [*v. Duke*], 398 S.W.3d [665] at 671 [(Tenn. Ct. App. 2012)] (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'**" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).
>
> The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every

---

[3] Petitioner subsequently amended his petition to include the trial court's March 25, 2022 order.

bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'**Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.**'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)).

*Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016)) (emphasis in original).

"[A] judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008). This is true because "'[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.'" *Id*. at *2 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "'is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" *Rose*, 2008 WL 2078056, at *2 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

We begin our analysis by addressing Petitioner's first motion for recusal. Petitioner's first motion was deficient because it failed to comply with Rule 10B, § 1.01, which provides in pertinent part: "The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. R. Sup. Ct. 10B, § 1.01. "The Tennessee Supreme Court has recognized that when the word 'shall' is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Serv., Inc.*, No W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016). Furthermore, this Court has emphasized:

- 4 -

> [T]he accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this court so as to allow this court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis. . . . [sic]". As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012).

Petitioner's first motion failed to comply with Rule 10B because it was not supported by an affidavit or a declaration under penalty of perjury and because it failed to affirmatively state that it was not being presented for any improper purpose. As such, Petitioner's claim for recusal contained in the first motion has been waived. *See, e.g., Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *5 (Tenn. Ct. App. July 28, 2020) (finding that failure to include an affirmative statement that the motion was not being presented for an improper purpose can lead to waiver of recusal request on appeal).

We turn now to consideration of Petitioner's amended motion for recusal. Petitioner amended his motion for recusal to add supporting affidavits and the required statement that the motion was not being presented for an improper purpose. Respondent filed a response to the amended motion for recusal and argued that because Petitioner raised no grounds not raised in his first motion, the issue was barred by *res judicata*.

With regard to Respondent's argument that Petitioner's amended motion is barred by *res judicata*, we note that the trial court denied Petitioner's first motion for recusal primarily due to Petitioner's failure to comply with Rule 10B. The trial court alternatively stated that it would deny the motion based "upon a lack of bias, prejudice or favor for [or] against any party or attorney involved in this matter . . . ." Given the trial court's primary holding with regard to Petitioner's first motion, and in the interest of promoting confidence in the judiciary, we choose to address the grounds raised in Petitioner's amended motion. However, we remind litigants that strict compliance with Rule 10B in the first instance is required and that we may not choose to proceed with review in similar situations in the future. *See Neamtu*, 2019 WL 2849432, at *2 ("[W]e caution litigants that 'while in this case we chose to proceed with our review despite the fact that the parties chose not to abide by the rules of th[e Tennessee Supreme] Court, we cannot say we will be so accommodating and choose to do the same in the future.'" (quoting *Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014))).

In his amended motion, Petitioner sought recusal based upon the facts that the trial court judge is currently seeking re-election and that Respondent's attorney is a member of a law firm that, along with two other law firms, recently hosted a campaign fundraising event for the trial court judge. Petitioner also points out that Respondent's former attorney is a member of one of the other two host law firms. The amended motion states that Petitioner does not allege "any actual bias" on the part of the trial court judge but asserts that "there is certainly an appearance of bias, regardless of whether or not any actual bias exists." In his affidavit in support of the motion, Petitioner asserts: "While I did not attend the judicial fundraiser, I assume that the Judge publicly thanked the members of my wife's law firm for their assistance and support in his re-election campaign." Petitioner asserts: "To me, the above gives an appearance of bias, regardless of whether or not any actual bias may exist."

In *Collier v. Griffith*, No. 01-A-019109CV00339, 1992 WL 44893, at *6 (Tenn. Ct. App. March 11, 1992), this Court discussed the reality of judicial elections, stating:

> Political fund raising will be an unfortunate necessity as long as judges are required to seek or retain their offices through contested elections. *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So.2d 1332, 1335 (Fla. 1990); *Rocha v. Ahmad*, 662 S.W.2d 77, 78 (Tex. Ct. App. 1983).
>
> * * *
>
> As long as judges must be elected, members of the bar will play active roles in their campaigns and will be a principal source of campaign contributions. While all parties must be aware of the ethical implications and possible appearance of this activity, the fact that a judge has received contributions from an attorney for one of the parties is not grounds for automatic disqualification. The same may be said for attorneys who simply endorse a judicial candidate or who are listed on a judge's campaign committee. *Nathanson v. Korvick*, 577 So.2d 943, 944 (Fla. 1991); *In re Petition to Recall Dunleavy*, 769 P.2d 1271, 1275 (Nev. 1988); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 842-45 (Tex. Ct. App. 1987); Jeffery M. Shaman, Steven Lubet & James J. Alfini, *Judicial Conduct and Ethics* § 11.16, at 353-54 (1990).
>
> However, recusal may be required if an attorney for one of the parties is more actively involved in a judge's campaign. Several courts have found that grounds for disqualification exist when an attorney for one of the parties has a leadership role in a judge's currently active campaign committee. *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So.2d at 1338 n.5; *Barber v. MacKenzie*, 562 So.2d 755, 757-58 (Fla. Dist. Ct. App. 1990); *Caleffe v. Vitale*, 488 So.2d 627, 629 (Fla. Dist. Ct. App. 1986); *see also Gluth Bros.*

- 6 -

*Constr. Co. v. Union Nat'l Bank*, 548 N.E.2d 1364, 1368 (Ill. App. Ct. 1989). The judicial ethics advisory committees in New York, South Carolina, and Washington have reached the same conclusion when the parties, with full knowledge of the facts, have not consented to the judge's continued participation in the case. American Judicature Society, *The Digest of Judicial Ethics Advisory Opinions* 412, 487, 555 (D.L. Solomon, ed. 1991), citing N.Y. Advisory Opinion No. 89-107 (Sept. 12, 1989); S.C. Advisory Opinion No. 5-1982 (1982); Washington Advisory Opinion No. 88-7 (Mar. 16, 1988).

The Code of Judicial Conduct contained in Tennessee Supreme Court Rule 10 provides, in pertinent part:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> * * *
>
> (4) The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

Tenn. S. Ct. R. 10, RJC 2.11. Comment 7 to Rule 2.11 clarifies that contributions to a judge's campaign or support given to the judge's election by either a party or a party's attorney, however, does not in and of itself require recusal. Comment 7 states: "Absent other facts, campaign contributions within the limits of the 'Campaign Contributions Limits Act of 1995,' Tennessee Code Annotated Title 2, Chapter 10, Part 3, or similar law should not result in disqualification." Tenn. S. Ct. R. 10, RJC 2.11, cmt. 7. Comment 7 further explains:

> [C]ampaign contributions or support a judicial candidate receives may give rise to disqualification if the judge's impartiality might reasonably be questioned. In determining whether a judge's impartiality might reasonably be questioned for this reason, a judge should consider the following factors among others:
>
> (1) The level of support or contributions given, directly or indirectly, by a litigant in relation both to aggregate support (direct and indirect) for the individual judge's campaign and to the total amount spent by all candidates for that judgeship;

(2) If the support is monetary, whether any distinction between direct contributions or independent expenditures bears on the disqualification question;

(3) The timing of the support or contributions in relation to the case for which disqualification is sought; and

(4) If the supporter or contributor is not a litigant, the relationship, if any, between the supporter or contributor and (i) any of the litigants, (ii) the issue before the court, (iii) the judicial candidate or opponent, and (iv) the total support received by the judicial candidate or opponent and the total support received by all candidates for that judgeship.

Tenn. S. Ct. R. 10, RJC 2.11, cmt. 7.

As this Court has previously explained concerning RJC 2.11, Comment 7:

[T]he fact that an attorney has contributed to a judge's campaign, has endorsed a judge's candidacy, or has been listed on a judge's campaign committee will not require automatic disqualification of the judge. However, recusal may be required if an attorney is more actively involved in the judge's campaign or serves in a leadership role.

*In re Gabriel V*., No. M2014-01298-COA-T10B-CV, 2014 WL 3808916, at *3 (Tenn. Ct. App. July 31, 2014).

In the instant action, the trial court found in its March 25, 2022 order denying recusal that the campaign event at issue was held in the lobby of the building where the three host law firms had their offices and not in any of the firms' individual offices. The trial court further found that that the three host law firms included a total of thirty-seven lawyers but that the judge's campaign committee worked with only three specific attorneys from those firms, none of whom had represented Respondent. Additionally, the judge's campaign "Committee provided the food, staffing and promotion of the event," not Respondent's current or former attorney. The March 25, 2022 order stated that the judge was "unaware of what financial contributions, if any, were made by the individual firms or any particular lawyer" and that "[n]o attorney in Butler Sevier Hinsley & Reid or the other co-hosting firms is a member of the Committee to Re-Elect Judge Robert "Bob" Weiss nor does anyone in any of the firms hold a leadership position in the campaign."

Although the fact that Respondent's current and former attorneys are members of law firms that hosted a fund-raising event does constitute support of a judge's campaign, this fact alone is insufficient to require recusal. Petitioner does not allege that either Respondent's current attorney or her former attorney had a direct role in the fund-raising

- 8 -

event at issue.  Nor does Petitioner allege that Respondent's current or former attorney is actively involved in the trial court judge's campaign.  Furthermore, there is no allegation that Respondent's current or former attorney serves in a leadership role in the trial court judge's campaign.  Petitioner does not allege that Respondent's current or former attorney attended the event in question, and assuming, *arguendo*, that this were true, it would only constitute support of a judge's campaign, which pursuant to Rule 2.11 and Comment 7, absent other facts would not require recusal.   Tenn. S. Ct. R. 10, RJC 2.11, cmt. 7.  Petitioner failed to show any support that would rise to the level wherein the judge's impartiality might reasonably be questioned.

As noted above, Petitioner, as the party seeking recusal, bore the burden of proof.  *Neamtu*, 2019 WL 2849432, at *3.  Petitioner failed to produce "evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned."  *See Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016)).  As such, we find no error in the trial court's March 25, 2022 order denying recusal.  Petitioner's motion to recuse is DENIED.  The costs of this appeal are taxed to Petitioner, for which execution may issue.  This case is remanded to the trial court for further proceedings.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE